cumstances which placed in doubt the right of the plaintiff to recover the moneys be sued for, or which failed to show that the demand of an alleged claimant had some reasonable foundation from which the inference might be drawn that the moving party would be placed in danger were the order not granted.    And the same view was again taken in Wertheimer v. Independent Order Free Sons of Judah, 28 App. Div. 64, 50 N. Y. Supp. 842.    From these cases it appears that the discretion resting in the court under section 820 will not be exer-- cised in the direction of granting an interpleader, and thus involving a plaintiff in serious controversies and litigations with third parties, unless something more appears than that a demand has been made, or a notice of claim served upon a defendant seeking to interplead. That is the situation in this case.    No facts are shown which indicate that the defendant is really placed in peril with reference to this fund by reason of anything contained in the notices served by the Tropical Company and Mr. Keith.    The basis of the Tropical Company's claim does not appear in its notice.    That of Mr. Keith seems to be based on an allegation that the proceeds of negotiable paper belonging to him have gone into the bank accounts of the bankrupts. But the same notice in each case, which would locate the moneys claimed by those parties in the National City Bank, also locates the identical moneys in the Western Bank of the City of New York, for the notices are directed to both banks for precisely the same moneys arising out of precisely the same transactions.    As said before, the affidavit of the attorney as to information received from his client does not identify the fund in the City Bank as the proceeds of property belonging to either of the parties on whose behalf the notices were served.

Without considering other questions that have been raised on this appeal, we think the order must be reversed, with costs, and the motion for the interpleader denied, with costs.    All concur.

---

(40 App. Div. 480.)

### In re SMITH'S ESTATE.

(Supreme Court, Appellate Division, First Department.    May 19, 1899.)

TRANSFER TAX—REAPPRAISAL OF ESTATE—REVIEW—SUPREME COURT—JURIS-
    DICTION.
        Since Laws 1896, c. 908, § 232, providing that, within two years after appraisal of an estate by a surrogate, it may be reappraised, by order of a justice of the supreme court, does not provide for a review of the order of appraisal, the supreme court has no jurisdiction to set aside an order of reappraisal made by a justice.

Appeal from special term, New York county.

In the matter of the reappraisal of the estate of Elizabeth H. Smith, deceased.    Heard on appeal from an order of the special term vacating and setting aside an order of reappraisal.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

W. E. Kisselburgh, Jr., Asst. Atty. Gen., for appellant state comptroller.

Stillman F. Kneeland, for respondent.

RUMSEY, J.   Mrs. Elizabeth Smith died on the 2d of March, 1897, leaving, among other property, 1,382 shares of the stock of the Barrett Manufacturing Company, which on the 16th of November, 1897, were appraised for transfer tax at the value of $70,000.   On the 12th of October, 1898, one of the justices of this court made an ex parte order directing a new reappraisal of the estate, upon evidence that the stock was in fact worth $138,000 at the time of Mrs. Smith's death, and that for that reason the former appraisal had been erroneously made.   A motion was afterwards made by the executor for an order vacating this order of reappraisal, upon the ground that it was improvidently made; and upon that motion the court made an order that the order of reappraisal dated October 12, 1898, be vacated and set aside.   From that order this appeal is taken.

We think the court had no authority to vacate the order of reappraisal.   The courts have no general jurisdiction, to be exercised summarily, in proceedings under the transfer tax law.   What is to be done under that statute is prescribed by the statute, and must be done as prescribed; and by the magistrate who is directed to do it; and the courts generally have no jurisdiction in the matter.   In these proceedings they can act only as they are authorized to act by the statute. The reappraisal in question was ordered under the authority contained in section 232 of chapter 908 of the Laws of 1896, which provides that:

"Within two years after the entry of an order or decree of a ·surrogate, determining the value of an estate and assessing the tax thereon, the comptroller of the state may, if he believes that such appraisal, assessment or determination has been fraudulently, collusively or erroneously made, make an application to a justice of the supreme court of the judicial district in which the former owner of such estate resided, for a re-appraisal thereof.   The justice to whom such application is made, may thereupon appoint a competent person to re-appraise such estate."

There are no other statutory provisions on this subject.   The power is to be executed by a justice of the court.   No notice is required, and no provision is made for vacating his order, or for a review of it in any other way.   The matter is one in which the court, as such, has no authority whatever, and no supervisory power; and it has no right to vacate the order, such as is possessed in regard to orders made in an action or special proceeding in which the court has general jurisdiction.

The order, therefore, to vacate this appraisal was erroneously granted, and should be reversed, with $10 costs, and disbursements of the appeal, and the motion denied, with $10 costs.   All concur.

---

(40 App. Div. 477.)

### POST et al. v. EMMETT et al.

(Supreme Court, Appellate Division, First Department.   May 19, 1899.)

INTERPLEADER—SUFFICIENCY OF CLAIM.
   When stocks deposited with a broker by defendant stand in her name, and there is nothing on their face to show that a claimant's decedent had any title or interest in them, and there is no evidence to show such interest, and defendant's affidavit clearly establishes her title, such claim