MORGAN et al. v. WARNER et al.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

1. TRANSFER TAX—APPRAISAL—REVIEW.
   Under Laws 1896, c. 908, § 232 (which provides that within two years after the entry of an order determining the value of an estate and assessing the tax thereon the state comptroller may apply to a justice of the supreme court for a reappraisal, and the justice may appoint an appraiser), and Code Civ. Proc. § 2570 (which provides that an appeal to the appellate division of the supreme court may be taken from a decree of the surrogate's court or from an order affecting a substantial right, made in a special proceeding), the state comptroller, if he desires more evidence as to the value of a decedent's estate than has been obtained by an appraiser, may apply for a reappraisement under Laws 1896, or, if he simply desires a review of the determination, made by the surrogate on the evidence taken, he may obtain it by appeal from the order of the surrogate, and the proceeding by re-appraisement is not exclusive.

2. TRANSFER TAX—DETERMINATION OF AMOUNT—REVIEW.
   If Laws 1896 could be deemed to express an intention of the legislature that the method provided thereby should be the exclusive method for the review of the determination of the surrogate of the value of property subject to the transfer tax, it would be unconstitutional, as conflicting with Const. 1895, which provided that the appellate division should thenceforth exercise such jurisdiction as it then exercised in addition to such jurisdiction as should be given by statute, as Code Civ. Proc. § 2570, was in force at the time of the adoption of such constitution.

3. EVIDENCE—DECLARATIONS OF DECEASED PERSON.
   In a proceeding for the determination of the value of certain notes belonging to the estate of a decedent for the purpose of determining the transfer tax thereon, testimony by decedent's executor as to declarations by testator as to the value of the notes is incompetent.

4. TRANSFER TAX—DETERMINATION OF VALUE OF PROPERTY—OPINION OF WITNESS—OBJECTION.
   When, in a proceeding for the determination of the value of certain notes belonging to the estate of a decedent to determine the transfer tax thereon, a witness, without objection or cross-examination, testified that the notes were valueless, the comptroller cannot, on appeal, be heard to say that the finding that the notes were valueless was made on insufficient evidence, as it will be presumed that, if an objection had been made, the form of the question would have been changed so as to elicit the facts on which the witness based his opinion.

5. SAME—APPRAISAL.
   Under Laws 1896, c. 908, § 230, which provides that a competent person shall be appointed as appraiser to fix a fair market value of property subject to the transfer tax, and section 231, which provides that he shall appraise the property at its fair market value, the fact that a testator bequeathed to the insolvent makers of notes owned by him such notes does not, for the purpose of determining the amount of the transfer tax thereon, justify an appraisal at their face value, or any value in excess of their value in the hands of a third person.

Appeal from surrogate's court, Onondaga county.

Proceeding by William J. Morgan, as state comptroller, and another, against George B. Warner and another, as the executor of the estate of John Stolp, deceased, and others, to determine, the value of certain notes bequeathed by decedent to some of the defendants, for the purpose of determining the transfer tax thereon. From an order of the surrogate reversing the appraisal of the appraiser in favor of defendants the plaintiffs appeal. Affirmed.

Upon February 10, 1899, John Stolp, a resident of Onondaga county, died, leaving a last will and testament. At the time of his death he held three notes against four of his grandnephews and grandnieces. By the fourth clause of the decedent's will, the notes, and the amounts due thereon, were given to the makers of said notes, and the executors were directed to cancel and surrender said notes to the makers thereof without payment. The appraiser appointed valued the said notes at their face value, and upon his report the surrogate determined the value of the interest passing under the will to these legatees as the face value of the notes, and assessed the tax accordingly. The executors under the will and these legatees appealed from that part of the order, and upon the appeal the surrogate reversed the order in so far as it determined the value of said notes as of the face value, and thereupon determined the said notes and the interest passing under the will to be valueless, and the said legatees were charged with no tax thereupon. From this determination of the surrogate the comptroller has appealed to this court.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

John McLennan, for appellants.

George B. Warner, for respondents.

SMITH, J. The appellant is met at the threshold of his argument with the objection that this appeal is unauthorized. By section 232 of chapter 908 of the Laws of 1896 the procedure under such assessment is prescribed. Pursuant to that section, the determination was first made upon the report of the appraiser, and upon an appeal from said determination by the executors and the legatees the determination was in part reversed. The statute then provides:

"Within two years after the entry of an order or decree of a surrogate determining the value of an estate and assessing the tax thereon, the comptroller of the state may, if he believes that such appraisal, assessment or determination has been fraudulently, collusively or erroneously made, make application to a justice of the supreme court of the judicial district in which the former owner of such estate resided, for a reappraisal thereof. The justice to whom such application is made may thereupon appoint a competent person to reappraise such estate."

The claim of the respondent is that the legislature has prescribed a specific mode of review of the determination of the surrogate upon the appeal, that that provision was intended to be exclusive, and that no right of appeal from that determination is given by the statute. To sustain this claim he cites a case decided in the First department. In re Smith's Estate, 40 App. Div. 480, 58 N. Y. Supp. 128. It was there held that the supreme court had no power to vacate an order made by a justice of that court under the foregoing section directing a reappraisal of the estate of a decedent

for the purpose of assessing a transfer tax thereon. In the opinion in that case Justice Rumsey says:

"What is to be done under that statute is prescribed by the statute, and must be done as is prescribed, and by the magistrate who is directed to do it, and the courts generally have no jurisdiction in the matter. In these proceedings they can act only as they are authorized to act by the statute."

All that is there held is that no statute authorized the motion, that was then under consideration. But this appeal need not necessarily rest upon that single statute. If other statutes exist which are applicable thereto, they must be read in connection with the statute; they together prescribing the mode of determination of this tax, and also the mode of review. By section 2570 of the Code of Civil Procedure it is provided:

"An appeal to the appellate division of the supreme court may be taken from a decree of the surrogate's court or from an order affecting a substantial right made by a surrogate or by a surrogate's court in a special proceeding."

This proceeding would seem to come within the purview of that section, and the order made by the surrogate from which this appeal is taken, involving, as it does, a substantial right, may be reviewed under this section by the appellate division. The comptroller, then, if he desires further evidence, or further examination of the assets of an estate, may proceed under the transfer tax statute, and have a reappraisement under an order of a justice of the supreme court. If, however, he desires simply a review of the determination made by the surrogate thereupon, he may have that review upon an appeal. The provision in the transfer tax law for a reappraisal under the order of a justice of the supreme court was made by an amendment to the statute in 1896. If that could be deemed to express an intention of the legislature to be the only method of review of the determination of the surrogate upon said appeal, it would conflict with the provision of the constitution of 1895, which provided that the jurisdiction of the appellate division should thenceforth be as then exercised, in addition to such further jurisdiction as should be given to said court by the statute.

Reaching, then, the merits of this case, we think the order of the surrogate was right. It is first challenged upon the ground that the finding of the surrogate that the notes were valueless was without evidence. We are satisfied that the testimony of the executor as to the declarations of the testator are incompetent evidence of the value of the notes, and are not proof upon which a finding of the surrogate can be made or sustained. At folios 64 and 65 of the record, however, the executor swears without qualification that these notes were valueless. This evidence was given without objection. The executor was not cross-examined thereupon. While the witness has stated a conclusion of fact, which, under proper objection, would have been excluded as improper in form, nevertheless no objection was made. The presumption is that, if objection had been made, the form of the question would have been corrected to ask for the facts from which this conclusion was drawn. The comptroller cannot now be heard to say that the fact as to the value of the notes was found without sufficient evidence.

The appellant further contends that, notwithstanding the insol-
vency of the makers, inasmuch as the notes are given as legacies
to the makers themselves, they should be assessed at their face
value. It will hardly be claimed that, if these notes were given
by the will to legatees other than the makers, they should not be
appraised at their market value. Upon this the statute is clear.
In chapter 908 of the Laws of 1896, under which this tax is as-
sessed, this rule of appraisal is unmistakably stated. In section
230 provision is made for the appointment of "a competent person
as appraiser to fix a fair market value of property subject to this
tax." In section 231 the appraiser "shall at such time and place
appraise the same at its fair market value as herein prescribed."
In section 232: "The surrogate shall forthwith as of course deter-
mine the cash value of all the assets." In section 222 of the act:
"Every tax shall be a lien upon the property transferred and the
person to whom the property is transferred and the executor shall
be personally liable for such tax until its payment." In section
224 the executor is forbidden to deliver the legacy until the pay-
ment of the tax, and he has power to sell the property to collect the
tax thereon. The statute, it will be seen, thus plainly provides for
the appraisal of all property at its fair market value. No exception
is made in cases where promissory notes are given to their makers,
and the court is not authorized to read into the statute any such ex-
ception. If these views are right, they lead to an affirmance of the
order.

Order affirmed, with costs. All concur.