In the Matter of the Assessment of the Inheritance Tax on the Estate of JOHN CRERAR, Deceased.

NORMAN WILLIAMS and HUNTINGTON W. JACKSON, Executors, etc., of JOHN CRERAR, Deceased, Appellants; THE COMPTROLLER OF THE CITY OF NEW YORK, Respondent.

*Inheritance tax — an appraisal once made is conclusive — the order confirming it cannot be amended — when a second appraisal is not allowable.*

Where the report of an appraiser, appointed in a transfer tax proceeding, which states that the appraiser has appraised certain real property, " being all the property of decedent known to be in the State of New York, and which is subject to the payment of said tax, at its fair market value," is confirmed by an order reciting that " the only property belonging to John Crerar within the State of New York is the premises known as 91 John street," the surrogate has no power, nearly six years after the entry of the order, which was not appealed from, to amend it so as to conform to the appraiser's report; nor can he grant an order directing an appraisal of personal property which was in the hands of the executors at the time the first appraisal was made, especially where it appears that such personal property was brought to the attention of the appraiser and that he held that it was not subject to the tax.

Section 230 of chapter 908 of the Laws of 1896, as amended by chapter 284 of the Laws of 1897, does not confer power on the surrogate to direct such an appraisal.

APPEAL by Norman Williams and Huntington W. Jackson, executors, etc., of John Crerar, deceased, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 29th day of May, 1900, denying their motion to dismiss proceedings begun by the comptroller to appraise the property of the decedent under the Inheritance Tax Law, and also from an order entered in said Surrogate's Court on the 29th day of May, 1900, amending an order of December 19, 1892, assessing a transfer tax, except from so much of said order as denied the application of the comptroller for a reappraisal of the real estate of said decedent.

*William C. Wallace,* for the appellants.

*Emmet R. Olcott,* for the respondent.

HATCH, J.:

John Crerar, a resident of Chicago, died in that city on October 19, 1889. He owned real property in this State, situate in the city of New York, known and designated in this proceeding as 91 John

street.  He also owned personal property, shown by the executors' inventory filed in January, 1890, in the Probate Court of Cook County, Illinois, consisting of cash balances in banks in the city of New York, amounting to about $7,500; stocks in New York corporations, amounting to about $235,000 ; and an interest in the firm of Morris K. Jessup & Co.  The stock certificates and securities were kept in Illinois at the testator's domicile.

On the 31st day of October, 1892, Crerar's executors presented a petition to the surrogate of the county of New York stating, among other things, that they were informed that a portion of the property of the estate was subject to the inheritance tax, and asking that a competent person be appointed as appraiser to value it.  An appraiser was thereupon duly appointed, who gave notice to all interested parties, including the city comptroller, and after appraising the property, reported, among other things, as follows : " I appraised certain real property of said John Crerar, deceased, being all the property of decedent known to be in the State of New York, and which is subject to the payment of said tax, at its fair market value, as follows ; " then follows an appraisal of the premises No. 91 John street at $58,000.  Thereafter, and on motion of the executors an order was made and entered in which it is recited that " the only property belonging to John Crerar within the State of New York is the premises known as 91 John street," and confirming said report. Notice of the assessment of the tax was thereafter given to the State and city comptrollers, and the executors paid the city the amount of the tax, $2,900.

No appeal was taken from the order confirming the report of the appraiser, nor from the assessment of the tax.

In July, 1894, the executors had an accounting in the Probate Court of Illinois, and a decree was made and entered settling their accounts and distributing the estate, and the executors were discharged.

In September, 1898, the comptroller of the city of New York made application to the surrogate of the county of New York, by petition, setting forth the claim that the personal property of the estate had never been appraised ; that the fact had but just been brought to his notice; that the fact of the existence of the personal estate had been suppressed, and praying for the appointment of an appraiser to appraise the same, and to reappraise the real property.

Upon that application an appraiser was appointed. The executors appeared before the appraiser and objected to the jurisdiction of the court making the order, and making various other objections to the proceedings for the reappraisal of the estate. They then made a motion in Surrogate's Court to dismiss the proceeding for lack of jurisdiction and on various other grounds.

The comptroller then procured an order for the executors to show cause why the order of the surrogate of December 19, 1892, should not be amended to conform to the report of the appraiser. The matter then came before the surrogate upon the two motions. The motion to amend the order of December 19, 1892, so as to make the recitals therein correspond with the appraiser's report was granted; the application to reappraise the real estate was denied, and the motion to dismiss the proceedings instituted by the comptroller to appraise the personal estate was denied. From the orders thereupon entered this appeal is taken.

The question is thus presented of the power and authority of the surrogate to amend an order in these proceedings, and of his jurisdiction to appoint an appraiser of the personal estate under the existing circumstances. We have reached the conclusion that the surrogate had no jurisdiction or power to make either order. Courts have no general powers or jurisdiction in these proceedings; the only authority is to be found in the act itself. The jurisdiction is special and specially conferred by the act. (*Matter of Smith*, 40 App. Div. 480.)

We find no authority conferred by the statute to make either of the orders in question. There is an entire absence of authority to amend the order of December 19, 1892. There is no provision of the statute permitting the surrogate to amend any decree or order, even his own. The remedies provided by the statute in force at the time the orders appealed from were made are : *First*, an appeal to the surrogate within sixty days from the fixing, assessing and determination of the tax by him; *second*, an application by the Comptroller of the State if he believes that an appraisal, assessment or determination has been fraudulently, collusively or erroneously made, to a justice of the Supreme Court for a reappraisal, the application to be made within two years after the entry of the order or decree. (Laws of 1896, chap. 908, § 232, as amd. by Laws of 1897, chap. 284, and Laws of 1899, chap. 672.)

Under chapter 399, Laws of 1892, which was the statute in force at the time of the original application for appraisal, the only remedy seems to have been by appeal to the surrogate within sixty days. (§ 13).

If we are right in our conclusions as to the power of the surrogate in these matters, it follows that the authorities cited by the respondent touching the general power and jurisdiction of surrogates have no application, and we do not discuss them.

It is contended that the provision of the statute (Laws of 1896, chap. 908, § 230, as amd. by Laws of 1897, chap. 284) which permits the surrogate upon his own motion, or upon the application of any party interested, including the comptroller of New York city, as often as and whenever occasion may require, to appoint an appraiser, confers jurisdiction to make the order of the appraisal of the personal estate. We do not so regard it. We think it cannot be held to authorize a surrogate to make an appraisal of property which was owned by the executors and which was subject to tax at the time the former appraisal was made simply because that property was erroneously omitted from the appraisal. That section of the act applies to a case where the property has been subsequently discovered by the executors, or where the circumstances at the time of the appraisal were such that the value of the property, or the value of the taxable interest could not be ascertained, in which cases it is made the duty of the surrogate to appoint a new appraiser to make a new appraisal under the new conditions. This in nowise authorizes a reappraisal or reconsideration of matters already passed upon. When the property is in the hands of the executors at the time of an appraisal it is their duty to present it for appraisal, and if they do present it and the surrogate erroneously declares it not to be taxable, the remedy is by appeal to the surrogate himself and thence to the Appellate Division.

Respondent insists that this personal estate was never brought to the attention of the appraiser, but we cannot agree with him. The only things disclosed by the record bearing upon that question are the report of the appraiser and an affidavit of Wallace, who was an attorney for the executors at the time of the application for appraisal. Wallace alleges upon information and belief that the only property belonging to said estate in the State of New York

are the premises No. 91 John street. It does not appear what force or effect, or that any force or effect, was given by the appraiser to this affidavit. It is not recited in his report nor otherwise referred to in any of the proceedings. It, therefore, rests upon the report to disclose what property was before him. The language of the report leads us to the conclusion that this personal estate was brought to the attention of the appraiser, and that he held that it was not taxable. He says, after mentioning the premises No. 91 John street, "being all the property of decedent known to be in the State of New York, and which is subject to the payment of said tax." If the real property was the only property brought to his attention, why say anything about property "subject to the payment of said tax?"

This conclusion is much strengthened by the fact that, at the time this appraisal was made it was very generally believed, and had in fact been held, that the only property of a non-resident which was taxable under the Taxable Transfer Act was real estate, and that personal property, so far as it consisted of choses in action, was not taxable. This belief was not dispelled until the decision of *Matter of Bronson* (150 N. Y. 1) in 1896, this court having held in that case that neither stocks nor bonds of a domestic corporation owned by a non-resident decedent, the bonds and certificates of stock being held at the domicile of the decedent, were taxable under that law. It seems clear that this property was brought to the attention of the appraiser, and that he held that it was not subject to the tax. The surrogate had no jurisdiction to cause it to be reassessed because it was erroneously held exempt, nor to have it reconsidered or again passed upon in any form.

It follows that the orders appealed from should be reversed, with ten dollars costs and disbursements, the motion to amend denied, and the motion to dismiss the proceedings granted, with ten dollars costs.

Van Brunt, P. J., Rumsey, Patterson and Ingraham, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, motion to amend denied and motion to dismiss proceedings granted, with ten dollars costs.