An order assessing a transfer tax upon a life interest in United States bonds, which were subsequently declared by the court of appeals exempt from taxation, cannot be amended or corrected by the surrogate under Laws 1896, c. 908, § 209, giving the surrogate's court authority to determine any question arising under the provisions of such act, known as the "Tax Law."

2. SAME—VOLUNTARY PAYMENT.

The surrogate will not give relief to one who has voluntarily paid a transfer tax under a mistake of law, which was not discovered until after the court of appeals had rendered a decision declaring the property not subject to such tax.

In the matter of the estate of Jane S. Von Post. Application of Herman C. Von Post for an order amending an order assessing a transfer tax on the transfer of United States bonds owned by the decedent. Application denied.

The decedent was the owner of $61,000 United States bonds. They formed part of her residuary estate, which by the terms of the will was left in trust for the benefit of her husband during his life. Upon the basis of the value given by the state insurance superintendent to the life interest of the said H. C. Von Post in the decedent's residuary estate. the value of his life interest in the said bonds amounted to $20,724.81. Upon this sum it is claimed that a tax of 1 per cent. was assessed erroneously.

John C. Shaw, for executors.
John H. Hull, for comptroller.

THOMAS, S. On May 9, 1896, an order was made fixing the tax upon the transfers under the will of the testator. The tax was paid April 7, 1896. An application is now made for an order amending the order fixing the tax by deducting from the taxable interest of the life tenant the value of his interest in certain United States bonds forming a part of the residuary estate, upon the ground that, as the law then stood, transfers of such bonds were exempt from the transfer tax. By Laws 1896, c. 908, § 209,—being the tax law,—it is enacted that the surrogate's court "shall have jurisdiction to hear and determine all questions arising under the provisions of this article, and to do any act in relation thereto author-

ized to be done by a surrogate in other matters or proceedings coming within his jurisdiction." In Re Earle's Estate (Sur.) 71 N. Y. Supp. 1038, I expressed the opinion that under this provision of law, and under the general power inherent in every court, I could correct an error in an order fixing a tax caused by my own inadvertent error and oversight of a jurisdictional defect, on mere motion, and without an appeal. The subsequently reported opinion of the appellate division in Re Crerar's Estate, 56 App. Div. 479, 67 N. Y. Supp. 795, would limit this power; and although in that opinion no allusion is made to the provision of the statute above referred to, and the decision might possibly be distinguished, I must hold myself bound by the views of that court. This alone would require a denial of the present application, but I think it should also be denied on other grounds. Assuming that I have precisely the same power to correct the order in question that the supreme court has over one of its orders, such power should not be exercised after the lapse of more than five years, and after a voluntary payment had been made under it, and on the mere ground that, with full knowledge of the facts, without inadvertence and deliberately, but on a mistake of law, an order was made, which mistake was only discovered by a subsequent decision of the court of appeals. It is essential to the peace of the community that judicial action shall import some degree of finality. Absolute freedom from error is never attainable, but the methods for review prescribed by law should ordinarily be deemed the exclusive methods. To assume to pass upon the legal correctness of any order or decree made by myself or any of my predecessors, which might be challenged on the mere motion of any one in interest, would amount to the assertion of a jurisdiction which, if sustained, would not be desirable, either for the court or litigants. In re Dey Ermand, 24 Hun, 1. The application is denied.

Application denied.