**2. SAME—CONTINGENT LEGACY.**
    A legacy to vest only when a sale provided at the discretion of the
    trustee had been made is also void, as determinable by a contingency
    which may not happen within any two designated lives.

In the matter of the last will and testament of Bernard L. Ackermann, deceased. Proceedings on probate of a will.

Coudert Bros., for proponent.
James R. Ely, for B. L. Ackermann, Jr.
James E. Kelly and Henry De Forest Baldwin, special guardians.

THOMAS, S. The trust imposed on the executors in the fifth paragraph of the will, requiring them to continue his manufacturing business "until a sale of my [his] real estate at Inwood has been effected satisfactorily to" them, is void. I do not determine the question as to whether this, or any other language in the will, gives to the executors an implied power to sell the real property at Inwood. If the executors have power to sell, the Inwood property is not required to be sold by them within any specified period, and the time when a sale is to be made by them is to be governed entirely by their discretion. If they have no such power the question as to whether a sale is ever made must depend upon the action or initiative of others, and the further requirement of the approval by the executors of a sale, as a condition for the termination of the trust, will still remain. In any event, the proposed trust is to continue for an indefinite period, which is to be measured, not by lives, but by the discretion of persons who cannot be coerced to act within any period measured by lives. Such a trust is void. Booth v. Baptist Church, 126 N. Y. 215, 244, 28 N. E. 238. The legacies of the property devoted to the continuance of the business are only to vest on the sale of the Inwood property; that is to say, at a time in the future to be determined by a contingency which may not happen within any two designated lives. These legacies are therefore void. Id., 126 N. Y. 215, 28 N. E. 238. This conclusion requires that the entire scheme for continuing the business of the testator, contained in the fifth, sixth, and seventh clauses of the will, shall be adjudged void, and the property directed to be used in that business will pass to the widow, son, and daughter under the clauses in the will disposing of the residuary estate.

Decreed accordingly.

(36 Misc. Rep. 753.)

### In re MORGAN'S ESTATE.

(Surrogate's Court, New York County. January, 1902.)

**TRANSFER TAX—DEDUCTION OF DEBTS.**
    The surrogate is without jurisdiction to deduct debts where they are
    not urged at a transfer tax appraisal before the appraiser, nor reserved
    for future action, and the time for an appeal from the order fixing the
    tax has expired.

Proceedings on the report of an appraiser appointed to assist in the transfer of tax on the estate of Annie Taylor Morgan. Decree rendered.

Charles Fox, for petitioner.

Edward H. Fallows, for comptroller.

THOMAS, S. The order fixing the tax was an adjudication, binding on the parties and on the state as to all matters litigated before the appraiser and passed upon by him. The appraiser had the claim of Alexander C. Morgan against the decedent's estate brought to his attention, but he did not pass upon it for the reason. that it was then in litigation, and this fact appears upon the face of his report. The question as to the propriety of a deduction for this claim has, therefore, not yet been determined. The matter will be sent back to the appraiser to take evidence and report what,. if any, rebate or deduction from the tax imposed should be made because of this claim. The other claims for which deductions are asked do not appear to have been urged before the appraiser, and no general reservation on the subject of claims was made by him. Such reservation would have been proper under In re Westurn's Estate,. 152 N. Y. 93, 100, 46 N. E. 315, and in the absence of it the only remedy under the statute for an omission to give proper credit for debts is by appeal. The time to appeal from the order has long since expired, and I am without jurisdiction to grant the relief asked for as to those claims. In re Crerar's Estate, 56 App. Div. 481, 67 N. Y. Supp. 795. The order denying this part of the application will state that such denial is upon the ground of want of jurisdiction.

Decreed accordingly.

(36 Misc. Rep. 620.)

### In re TEMPLE.

(Surrogate's Court, Washington County. December, 1901.)

WILL—DEVISE IN TRUST—DEBT DUE BY BENEFICIARY.

    A mother by her will created a testamentary trust for her son, who was indebted to her, which she declared should not be subject to the intervention of any creditor, and which she stated was intended to secure him with an income for life, and put it beyond the reach or control of creditors. *Held*, that her executor could not reach the income of the trust, and apply it to the debt owed by the son to her.

In the matter of the judicial settlement of the accounts of William. D. Temple, executor of Mary J. Duel. Decree entered.

Joseph B. McCormick, for executor.

Clarence E. Parker, for Hiram Duel.

INGALSBE, S. The question submitted relates solely to the construction of the sixth clause of the testatrix's will, which reads. as follows:

"I give and bequeath the sum of three thousand dollars to Joseph B. McCormick, or his successors, to have and to hold the same, but nevertheless. in trust and upon the uses and trusts and for the purposes following: To be held, managed, and invested from time to time, and as need be reinvested, by said J. B. McCormick, as such trustee, or his successor, in said trust, for the benefit and advantage of my son, Hiram Duel, in such good, productive stocks and mortgages as will produce, if possible, a sure and regular income. and the whole net income or interest of which fund is to be paid over