Where the time to appeal from a decree fixing the transfer tax on an estate has expired, and the court of appeals in another matter decides that a tax should not be laid on the commissions of the trustees of the estate, the decree cannot be modified, as the mistake is not one of fact, and an error of law can be reviewed only by an appeal therefrom.

In the matter of the appraisal under the transfer tax act of the property of Benjamin B. Silliman, deceased. Motion to modify decree fixing the tax. Motion denied.

William Mitchell, for executors.
John H. Kemble, for comptroller.

CHURCH, S. In this case the appraisal of the property of the deceased has been fixed, and the report confirmed, and the time to appeal has expired. Since that time, however, by a decision of the court of appeals it has been held that a tax should not be assessed upon the amount of commissions to which the trustees would have been entitled upon the real and personal property of this estate. The trustees of this estate therefore desire to take advantage of this decision of the court of appeals, and hence move to modify the decree

assessing and fixing the tax upon the estate in question. It does not seem to me that this application should prevail. As I view the statute, the provision permitting an appeal was for the purpose of permitting a party to bring up for review legal errors which might have been committed. On the other hand, if subsequently the facts should disclose that there was any mistake as to the facts submitted to the appraiser, then it would be proper to come before the surrogate and ask for leave to modify the decree upon presentation of these facts. In other words, the practice upon this matter is similar to that of an appeal, or motion to grant a new trial on the ground of newly discovered evidence. Where, however, the party has failed to appeal, but subsequently a decision is rendered in some other matter, which, if an appeal had been taken, would have been advantageous to the party, it seems to me that they cannot obtain the relief by a motion of this character, as, if all of the rights which a party was to obtain from an appeal could be sustained by a motion of this character, this portion of the statute permitting an appeal would be entirely unnecessary. Again, to encourage any such practice would be putting a premium on dilatory conduct, as a party might lay by, as in this case, and seek to obtain the advantage of the work of some other litigant, who had the courage of his convictions, to take the question to the highest court. The various cases quoted by the moving party herein are not inconsistent with this interpretation of the statute. In the case of Morgan v. Cowie, 49 App. Div. 612, 63 N. Y. Supp. 608, the court expressly stated, "If facts have arisen since the imposition and payment of the tax, * * * then the court possesses the power to redress the wrong done." As above stated, there is no fact arising in connection with the matter in this case, but simply a decision of the court. The facts remain the same. In re Coogan (Sup.) 59 N. Y. Supp. 111, was a case where the tax was imposed "without any authority and without jurisdiction." On the other hand, in Re Crerar's Estate, 56 App. Div. 479, 67 N. Y. Supp. 795, it was expressly decided that, where it was simply a clear case of a legal error, the only method of review was by an appeal in the form provided by the statute. The motion to modify the decree fixing the tax is therefore denied.

Motion denied.