CHARLES ROOME PARMELE COMPANY, Respondent, *v.* JOSEPH A. HAAS, Otherwise Known as JOSEPH A. HAYS, Appellant.

67　　457
r171 NY 579

*Foreign corporation — to sue in New York it requires a receipt for the license fee under the Tax Law as well as a certificate of the Secretary of State under the General Corporation Law.*

A foreign corporation doing business in the State of New York must, in order to maintain an action therein, show, in addition to the fact that it has procured a certificate from the Secretary of State, as required by section 15 of the General Corporation Law (Laws of 1892, chap. 687, amending Laws of 1890, chap. 563), that it has paid the license fee and obtained the receipt required by section 181 of the Tax Law (Laws of 1896, chap. 908).

APPEAL by the defendant, Joseph A. Haas, otherwise known as Joseph A. Hays, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of October, 1901, denying the defendant's motion to vacate an order of arrest theretofore granted in the action.

*Stillman F. Kneeland,* for the appellant.

*Arthur A. Michell,* for the respondent.

VAN BRUNT, P. J. :

The plaintiff, being a foreign corporation doing business in the State of New York, brought this action apparently for conversion. The complaint contained an allegation that the plaintiff had procured from the Secretary of State a certificate that it had complied with all the requirements of law to authorize it to do business in this State, as provided by section 15 of the General Corporation Law of this State (Laws of 1892, chap. 687, amdg. Laws of 1890, chap. 563). No allegation was contained in the papers showing

that the plaintiff had complied with the requirements of section 181 of chapter 908 of the Laws of 1896, or that it had paid the license fee therein provided for. That section provides that foreign corporations (except certain ones therein mentioned) authorized to do business under the General Corporation Law shall pay to the State Treasurer, for the use of the State, a certain license fee; and further provides that no action shall be maintained or recovery had in any of the courts of this State by such foreign corporation without obtaining a receipt for the license fee thereby imposed within thirteen months after beginning such business within the State. It seems to us that the payment of the license fee and the obtaining of the receipt therefor are conditions precedent to the right of foreign corporations to appeal to our courts for the purpose of redressing their alleged wrongs. The provision of the statute is that no action shall be maintained or recovery had; and, clearly, when foreign corporations appeal to the courts of this State, it is necessary for them to show that they have the right to maintain an action. Where, as a prerequisite to such maintenance, it is necessary that they should fulfill certain duties toward the State, it seems to be reasonable to hold that compliance with these conditions should be made to appear before they can call into action the process of the court for the purpose of either arresting the person of the defendant or his property.

The objection that this application was passed upon by another justice does not seem to be well taken. Even if that had been the case, we think that the granting of the order to show cause by the justice who heard the original application would be a sufficient indication upon his part that leave was granted for the purpose of a rehearing. We think that because of the failure of the plaintiff to show compliance with the provisions of the statute, it could not maintain its action in the courts of this State, and that the motion to vacate the order of arrest should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.