1. TRANSFER TAX—VOID DECREE—RECOVERY OF TAX PAID.
> Laws 1899, c. 76, imposing a transfer tax on certain remainders and reversions, was held unconstitutional by the court of appeals. *Held*, that persons who paid such tax, and did not appeal within the statutory time from the decree, may move to vacate the decree before the surrogate. and have their payments refunded, such decree being absolutely void.

In the matter of the estate of William Scrimgeour.   Motion to vacate a decree assessing the transfer tax.   Motion granted.

William Murray, for petitioners.
William O. Campbell, for state comptroller.

CHURCH, S.   This is a motion to vacate a decree which fixed the transfer tax on the estate of William Scrimgeour, deceased, and directing the repayment of the money paid thereunder.   Were this tax to be levied at the present time, there can be no question but that it would be held to be improper, as the court of appeals, in Re Pell, 171 N. Y. 48, 63 N. E. 789, has decided that this specific act (Laws 1899, c. 76), under which the assessment in question was made, was unconstitutional and void.   But the granting of this motion is resisted by the counsel for the state comptroller on the contention that the persons interested in the estate, not having appealed within the time provided by the transfer tax act, have waived their right to review this question, and cannot attack this decree by a collateral motion.   The general principle contended for by the state comptroller is unquestionably correct, and is supported by the following decisions: In re Schermerhorn, 38 App. Div. 350, 57 N. Y. Supp. 26; In re Von Post, 35 Misc. Rep. 367, 71 N. Y. Supp. 1039.   And the principle was recognized by me in Re Silliman's Estate (Sur.) 77 N. Y. Supp. 267.   But in all of these cases the motion to set aside the decree was based upon the fact that by reason of subsequent decisions of the court of appeals the theory upon which the tax had been levied in the particular estate under consideration was incorrect, and, if the decision of the court of appeals simply placed a different interpretation as to the scope and effect of the transfer tax act, I should follow these decisions, and deny the motion.   But in the case under consideration there is a marked distinction between it and the cases above cited, namely, the court of appeals has, in the Pell Case, decided that the act under which the assessment was made and the decree entered was absolutely unconstitutional and void.   Therefore the action of the court in this case is without warrant or authority in law, and therefore any judgment or decree of this court entered without jurisdiction and under a void statute may be held void.   12 Am. & Eng. Enc. Law, 311; People v. Feitner, 41 App. Div. 544, 58 N. Y. Supp. 648.   If the tax had not yet been paid under this decree, the comptroller could not proceed to enforce it, and it would be perfectly proper for the court to set it aside on the ground of its invalid-

ity, so that it would not be a seeming cloud upon the legacy. The mere fact that the party has complied with the decree, and paid the money, cannot operate to validate what would otherwise be a void decree, or rather to validate action taken under a void decree. The surrogate's court has power to vacate its judgments and decrees where they have been made without jurisdiction, and where they are void because they are rendered under statutes which have subsequently been declared unconstitutional. In re Flynn, 136 N. Y. 287, 32 N. E. 767; Freem. Judgm. (4th Ed.) 188. "The decided preponderance of authority justifies, or rather requires, a court, on motion being made to vacate its judgment because it was without jurisdiction over the person or the subject-matter, to inquire whether such is the fact, and, if so, to grant the relief sought." The motion to vacate the decree in question is granted, and an order will be entered directing the comptroller to refund the taxes heretofore paid thereunder.

Motion granted.