A. KLIPSTEIN & CO. v. MARCHMEDT.

(Supreme Court, Appellate Term.    January, 1903.)

1. MOTION—LEAVE TO REARGUE—CHANGE IN JUDICIAL DECISION.
     Leave to reargue a motion should be denied, where the time to appeal from the decision thereon has expired, though thereafter an opinion is handed down by the court of last resort which, had it been known at the time, would have called for a different determination thereof.

Appeal from City Court of New York, Special Term.

Action by A. Klipstein & Co. against Henry E. Marchmedt. From an order granting plaintiff's motion for a reargument of a motion made by defendant, which motion had resulted in the vacation of an order of arrest, and setting aside the order vacating the order of arrest, reinstating the arrest, and denying defendant's motion to vacate, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

James J. Allen, for appellant.
William H. Blain, for respondent.

FREEDMAN, P. J.   The case presented by the moving papers is not one of mistake or misapprehension of fact, but of legal error, and the question is whether the court below, on plaintiff's application, could reconsider defendant's motion to vacate the order of arrest which had resulted in the vacation of the order, and then set aside the order vacating the order of arrest, reinstate the order of arrest, and deny defendant's motion to vacate, and all this after the time for appealing from the first order had expired, and for no other reason than that, since the decision of the original motion, a decision was rendered by the Court of Appeals which, if known at the time, would have called for a different determination of the original motion.

A motion for a rehearing or reargument of a motion is generally addressed to the discretion of the court.   But the power to grant a rehearing or reargument cannot be arbitrarily exercised, and, if the judge grants it upon insufficient grounds, it is an error which should and will be corrected by the appellate court whenever the question is properly brought before it for review.   Matter of Livingston, 34 N. Y. 576.   As a general rule, leave to reargue will be granted where it appears that there is some decision or some principle of law which would have a controlling effect and which has been overlooked, or that there has been a misapprehension of fact, but not otherwise.   14 Encyc. of Pl. & Pr. 174, and cases there cited.   But no case has been cited by the respondent, and none has been found by me after an independent and diligent search, in which the power has been exercised after the expiration of the time for appealing from the former decision for the purpose of correcting, for the benefit of a party who might have appealed, an error of law disclosed for the first time by a subsequent decision of a higher court.   On the contrary, in Matter of Silliman's Estate, 38 Misc. Rep. 226, 77 N. Y. Supp. 267, and Megary v. Shipley, 72 Md. 33, 19 Atl. 151, it has been expressly held, that after the expiration of the time for an appeal, the power will not be exercised.   The reasoning of these cases seems to be quite conclusive, in view of the express provision of our Code (section 784), that the time fixed by law to take an appeal cannot be extended.   To circumvent that statutory provision in the manner attempted would, as suggested by the Supreme Court of Maryland, put a premium upon laches, and permit a party to gain by his default what he could not get by his diligence.   This remark is peculiarly applicable to the case at bar.   The learned counsel for the plaintiff knew of the decision of the Appellate Term of this court in the case of Reedy Elevator Co. v. American Grocery Co., 24 Misc. Rep. 678, 53 N. Y. Supp. 989, and of the decision of the Appellate Division in the case of Parmele Co. v. Haas, 67 App. Div. 457, 73 N. Y. Supp. 986.   Upon defendant's motion to vacate the order of arrest, he contended for a view of the law directly opposed to those decisions. When he was beaten, he acquiesced, and served no notice of appeal. He says that he then relied upon the correctness of those decisions, and consequently did not appeal.   He therefore intentionally permitted the time to appeal to expire.   But when, thereafter, the Court of Appeals reversed the decision in the Parmele Case (see 171 N. Y. 579, 64 N. E. 440), he applied for a reargument of the original motion.

This should not be permitted.  The learned counsel for the appellant is correct in his contention when he says:

"The principle that a decision which has been acquiesced in, and become fixed by the expiration of the time to appeal, may be subsequently opened upon the suggestion of purely legal error, is a dangerous one.  It would unsettle every judgment, and flood the courts with applications to reconsider matters decided and thought to be at rest.  The present case may be a plain one, but, if the principle be admitted, it will be invoked in matters not so plain.  Probably few judgments are rendered which immediately convert the defeated party to their view, and, if this principle of reargument because of legal error be once admitted, zealous counsel will return again and again to the bar, and the 'day' in court will become Mosaic in its duration.  Public policy requires that there should be at some time an end to litigation, and when a matter has been once disposed of by a court, and there has been no misapprehension or mistake as to the questions presented and decided, and the parties have acquiesced in the decision, and the time to appeal has expired, the matter should not be reopened because at some subsequent period, and in another case, there is a change in judicial decision, and the law declared otherwise by another court."

The order appealed from should be reversed, with costs, and the motion denied, with costs.

Order reversed, with costs, and motion denied, with costs.  All concur.