(40 Misc. Rep. 155.)

### In re WOOD'S ESTATE.

(Surrogate's Court, New York County. February, 1903.)

1. TRANSFER TAX—BEQUEST OF DEBT.
    Decedent directed his executor to withdraw one-half of the claims he had presented to his brother's executor, and forgave that half. *Held* not to relieve any part of the whole sum from taxation—it being a bequest of that half to such estate—and to have the effect of making the tax on that half assessable to the executrix as such, and not to her as an individual.

2. SAME—NOTICE.
    A claim by the state that a conveyance of real property by a decedent in contemplation of death has escaped the transfer tax cannot be heard without notice to the grantee.

In the matter of the estate of Jane H. Wood. Appeal from an order assessing and fixing the transfer tax. Application remitted to the appraiser.

Henry H. Bowman and Joseph P. Nolan, for appellants and respondent executor.

Edward H. Fallows, for State Comptroller.

THOMAS, S. The first clause of the decedent's will is, in part, as follows:

"I hereby direct my executor hereinafter named to withdraw one-half of each of the claims and demands which have been presented by me, or on my behalf, to the executrix of the will of my deceased brother, Benjamin Wise, and not to collect any more than one-half of the same from said executrix, and I hereby forgive one-half of said claims and demands against my said brother's estate."

The claims referred to were two promissory notes made by the said brother, and the above provision must be regarded as a bequest. To constitute a bequest, it is not essential that a testator use the word "give" or the word "bequeath," or any word of similar significance. Matter of Thompson, 5 Dem. Sur. 393. A bequest of a promissory note to its maker has been held to be a transfer taxable at its fair market value. Morgan v. Warner, 45 App. ·Div. 424, 6o N. Y. Supp. 963, affirmed in 162 N. Y. 612, 57 N. E. 1118. And a bequest of one-half the amount of a note held by a testator has been held a specific legacy of such one-half. Davis v. Crandall, 101 N. Y. 311, 4 N. E. 721.

The contention that the decedent did not deem herself entitled to more than 50 per cent. of the amount of the claims she had presented is untenable. The expression, "I forgive," etc., in the extract from her will above quoted, negatives that view; and if, by reason of the existence of a counterclaim or other defense, the claims were not enforceable in their entirety, it was for the appellants to show this upon the appraisal. The burden was also upon them to show that the fair market value of the one-half of such claims was not one-half of the face value of the notes, with interest. This was peculiarly so in view of the fact that the executor had collected that sum for the other one-half.

The assessment of the tax, however, against Adelia Wise individually, was erroneous. By virtue of the will of the decedent the property passed to Adelia Wise as executrix of her deceased husband, Benjamin Wise; and the fact that she was, by his will, entitled to the possession and income of his whole estate for life, with the right to resort to the principal, if necessary, for her support, did not justify the assessment of the tax against her individually. The order will be modified by assessing it against Adelia Wise as executrix of the will of Benjamin Wise, deceased, and, as so modified, affirmed. Submit order on notice.

The appeal by the State Comptroller from so much of the order as omitted to assess a tax upon the value of real property alleged to have been conveyed by the decedent "in contemplation of death" presents an interesting question, which should not be passed upon without notice to the grantee of that property, who is not shown to have had any notice of the proceeding, and against whom the tax must be assessed, if at all. The matter will be remitted to the appraiser for further proceeding, and report as to the taxability of the transfer of this real property. A separate order will be made on this appeal.