The surrogate has no power to modify an order fixing a transfer tax and allow a partial refund to the executor on discovery of a debt due by the estate, where no appeal has been duly taken from the order fixing the tax.

In the matter of the estate of Hosea A. Hamilton. Proceedings for the modification of an order assessing the transfer tax. Application denied.

Edson A. Hayward, for petitioner.
M. C. Hemstreet, for comptroller.

WILLIS, S. This is an application for the refunding of a part of the transfer tax assessed against the estate of Hosea A. Hamilton, deceased. It appears by the petition and proofs submitted in support thereof that the decedent died on the 5th day of December, 1898, leaving a last will and testament, which was, on or about the 16th day of March, 1899, duly admitted to probate by the surrogate of the county of Otsego, N. Y., and letters testamentary thereon duly granted to the petitioner and one Topping as executors of said will. On March 27, 1899, an order was made by the surrogate of Otsego county, appointing Edson A. Hayward appraiser of the property of the estate, subject to the transfer tax law. On or about the 25th day of September, 1899, the report of the appraiser was filed in the office of the surrogate of Otsego county, in which the fair market value of the estate was appraised at $13,315.02. The report showed debts, claims, and expenses of administration, to the amount of $2,272.88, to be deducted from the value of the estate, as above stated, making the cash value of the property subject to tax $11,042.14, and the amount of tax thereon $552.10. On the 25th day of September, 1899, the surrogate of this county made an order confirming the said report, and assessing the tax upon the property of said decedent in accordance with said report. No appeal was ever taken from said order of confirmation and assessment of said tax. The time for taking said appeal has long since expired. In the petition now presented it is alleged that since the assessment of said tax another debt chargeable to the estate has been discovered, and the surrogate is asked to modify the decree of the said Surrogate's Court assessing said tax, and to direct that a proportionate part of the tax, based upon the amount of such debt, be refunded. It is claimed on the part of the

comptroller that the surrogate has no jurisdiction to modify the decree at this time, the time to appeal having expired.

There are cases holding that, where the surrogate has made a decree assessing a tax upon property not liable to taxation under the provisions of the transfer tax law, the surrogate, in making such decree, acted without jurisdiction, and that his decree was not merely erroneous, but, in so far as it included the nontaxable property, was entirely without jurisdiction. On the other hand, it has been held that the surrogate has no power to open or modify a decree assessing a transfer tax for errors of law made in treating the interest of a decedent in firm real estate as personalty, and in failing to make a deduction for mortgages existing upon the firm personalty, and that the decree cannot be opened or modified because of having appraised firm assets too high, or not making a sufficient deduction for firm debts. Matter of Wallace's Estate, 28 Misc. Rep. 603, 59 N. Y. Supp. 1084; Greene, Law of Taxable Transfers (Ed. 1901) 71, 72. In Matter of Morgan's Estate, 36 Misc. Rep. 753, 74 N. Y. Supp. 478, it is held that where, at a transfer tax appraisal, alleged deductible debts of a decedent have not been urged before the appraiser nor reserved for future action, as they may be in a proper case, and the time for an appeal from the order fixing the tax has expired, the surrogate is without jurisdiction to grant any relief in regard to said debts. See, also, Matter of Schermerhorn's Estate, 38 App. Div. 350, 57 N. Y. Supp. 26. In Matter of Connelly's Estate, 38 Misc. Rep. 466, 77 N. Y. Supp. 1032, the precise question presented here seems to have been decided adversely to the petitioner's claim in this proceeding. In the case last cited, after the appraisement of the transfer tax, a judgment was recovered against the executor upon a rejected claim, and a new claim, before unknown to the executor, had been presented to him, and he asked for a refund of the tax paid upon the amount represented by these claims, and some expenses incurred in the management of the estate. The application was denied by Surrogate Lester, and his well-reasoned opinion seems to cover the question here presented.

I feel compelled to follow the cases above cited. The surrogate of this county undoubtedly had jurisdiction to decide as to the amount of debts with which this estate was chargeable, and, so far as appears, no tax was assessed against property not subject to taxation under the transfer tax law, and, as no appeal was taken from the order fixing the tax, I think that the said order should stand as made. and that this application should be denied. Application denied. Order to be entered accordingly, without costs.

Application denied.