(48 Misc. Rep. 366.)

WESTERN NAT. BANK OF LOUISVILLE v. KELLY.

(Supreme Court, Appellate Term.  November 3, 1905.)

1. CORPORATIONS—FILING CERTIFICATE BY FOREIGN CORPORATION—DOING
BUSINESS—BRINGING ACTION.

Bringing an action is not doing business, within Banking Law, Laws
1892, p. 1861, c. 689, § 31, providing that no foreign corporation incor-
porated for carrying on the business specified in article 5 shall transact
business in the state without a certificate from the Superintendent of
Banks.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations,
§ 2527.]

2. SAME—RIGHT TO SUE.

Right of a foreign corporation to sue, under Code Civ. Proc. § 1779,
providing that an action may be maintained by a foreign corporation in
like manner and subject to the same regulations as by a domestic cor-
poration, is not limited by Municipal Court Act, Laws 1902, p. 1489, c.
580, § 1, subd. 18, extending jurisdiction to actions "against" foreign
corporations having an office in New York City.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations,
§§ 2544, 2563–2567.]

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

Action by the Western National Bank of Louisville against Thomas
Kelly.  From a judgment for defendant, plaintiff appeals.  Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-
ALD, JJ.

Floyd & Leary, for appellant.

Thomas R. Lane, for respondent.

FITZGERALD, J.  Plaintiff, a foreign corporation, instituted this
action upon a promissory note claimed to have been given by the defend-
ant to L. Oppenheimer & Co. and transferred to it for value.  Com-
plaint was dismissed upon the grounds that it was not shown that plain-
tiff had an office for the transaction of business in the city of New York,
nor that the certificate required by section 31 of the banking law (Laws
1892, p. 1861, c. 689) had been filed.

In Citizens' Bank v. Cowles, 89 App. Div. 281, 86 N. Y. Supp. 38, it
was directly held "that the mere bringing of an action to recover a sum
of money upon a negotiable instrument is not doing business within this
state"; and, although this case was reversed upon another point in the
Court of Appeals, the court did not disapprove the proposition above
cited.    180 N. Y. 346, 73 N. E. 33.    Section 1779, Code Civ. Proc.,
provides that:

"An action may be maintained by a foreign corporation in like manner and
subject to the same regulations as where the action is brought by a domestic
corporation."

The extension of jurisdiction to actions against foreign corporations
having an office in the city of New York, conferred by section 1 of sub-
division 18 of the municipal court act (Laws 1902, p. 1489, c. 580), can-
not well be twisted into a limitation of former rights, but confers ad-
ditional power.   It does not limit, alter, or affect former jurisdiction, ex-

cept to the extent expressly enacted. Parmele v. Haas, 67 App. Div. 457, 73 N. Y. Supp. 986, was reversed by the Court of Appeals (171 N. Y. 579, 64 N. E. 440) upon the very point upon which it is cited to sustain the judgment herein.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.