### In re CLARKSON'S ESTATE.

(Surrogate's Court, New York County. April 2, 1912.)

1. TAXATION (§ 895*)—TRANSFER TAX—APPLICATION TO ASSESS—GROUND FOR DENIAL.

Where the report of the appraiser does not contain a finding that taxation on remainders should be suspended until death of the life tenants, and the order entered on this report does not suspend taxation thereon, an application by the state comptroller for an order assessing same as of the date of the life tenant, which order would in effect determine that the original order fixing the tax was erroneous, will be denied while the original order remains unmodified.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

2. TAXATION (§ 895*)—TRANSFER TAX—INTERESTS TAXABLE.

Where the appraiser, though finding that the portion of a bequest to a charitable institution incorporated under Laws 1848, c. 319, § 6, as amended by Laws 1903, c. 623, was invalid because it exceeded one-half of the estate, thereby in effect finding that such part passed under the Intestate Laws and was taxable at the date of decedent's death, failed to include it in his report and it was excluded from the order assessing a tax on the estate, this constituted a determination that it was not taxable, and

estopped the state comptroller, who failed to appeal therefrom, from subsequently securing an order assessing a tax thereon.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721, Dec. Dig. § 895.*]

Application by the state comptroller for an order assessing a tax as of the date of the death of life tenant on an interest passing under the will of William R. Clarkson, deceased. Application denied.

Sackett, Chapman & Stevens, of New York City, for executors.
Joseph F. McCloy, of New York City, for State Comptroller.

FOWLER, S. Decedent died in 1895. He directed his trustee to pay the income of one-half of his residuary estate to his wife during her life and the income of the other one-half to his sister during her life. He further directed that after the death of each of the life tenants the one-half of the residuary estate held in trust for her benefit should be paid to the Jennie Clarkson Baptist Orphan Home. This corporation was one of those charitable organizations which, under section 6 of chapter 319 of the Laws of 1848, as amended by Laws 1903, c. 623, could not take more than one-half of the personal property of a testator if such testator was survived by a wife, child, or parent. The transfer tax appraiser found that the value of the remainders after the life estates of decedent's wife and sister exceeded one-half of the estate by about $40,067, and he reported that the decedent died intestate as to this amount. The order assessing a tax upon the estate of decedent did not assess a tax upon this amount, nor did the appraiser report that it was taxable. The state comptroller now applies for an order assessing a tax upon this sum as of the date of death of the life tenant.

[1] As the report of the appraiser did not contain a finding that taxation on this amount should be suspended until the death of the life tenants, and as the order entered upon the report did not suspend taxation upon it, the court will not, while the original order is still unmodified, grant an application which would in effect determine that the original order fixing tax was erroneous. Matter of Schermerhorn, 38 App. Div. 350, 57 N. Y. Supp. 26; Matter of Lowry, 89 App. Div. 226, 85 N. Y. Supp. 924.

[2] Besides, if the appraiser was correct in finding that that part of the bequest to the Jennie Clarkson Baptist Orphan Home which exceeded one-half of decedent's estate passed by the Intestate Laws, then that sum was taxable at the date of decedent's death, and not at the date of death of either of the life tenants. The appraiser's failure to include it in his report, as well as its exclusion from the order assessing a tax upon decedent's estate, constituted a determination that it was not taxable; and if that determination was erroneous, the remedy of the state comptroller was by appeal. Matter of Crerar, 56 App. Div. 479, 67 N. Y. Supp. 795; Matter of Morgan, 36 Misc. Rep. 753, 74 N. Y. Supp. 478; Matter of Von Post, 35 Misc. Rep. 367, 71 N. Y. Supp. 1039. Application denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes