## HOFFMIRE *v.* MARTIN.

[45 Pac. 754.]

WHAT IS A SUFFICIENT DELIVERY OF A DEED.—Where a grantor executes a deed in sufficient form, and deposits it with a third person to be delivered to the grantee upon the grantor's death, parting with all control over the instrument, and reserving no right to recall it or alter any of its provisions, it is a good and sufficient delivery, and the grantee will succeed to the title.

From Marion: GEORGE H. BURNETT, Judge.

This is a suit by Dora A. Hoffmire and others to declare null and void a deed made by their deceased father, John M. Martin, in April, eighteen hundred and ninety-three, to the defendant James S. Martin, on the ground of nondelivery. There was a decree for plaintiffs, and defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by Messrs. Tilmon Ford and William M. Kaiser.

For respondents there was a brief and an oral argument by Messrs. William Y. Masters and William H. Holmes.

John M. Martin died of consumption in July, eighteen hundred and ninety-three, leaving four daughters, the plaintiffs herein, and one minor son, the defendant, as his heirs at law. For a long time prior to his death he was ill and infirm, and fully realized that he could not recover. In August, eighteen hundred and ninety-two, having in view the equal division of his property among all his children, he executed deeds to them severally, but retained the same in his possession and under his control. Subsequently changing his mind, and desiring that the property should go to his minor son, he destroyed the former deeds, and on the eleventh of April, eighteen hundred and ninety-three, sent for a justice of the peace, and requested him to prepare a deed conveying the land to the defendant, saying

that he "wanted Jimmy," meaning the defendant,
"to have this piece of land." A short time after
the deed was executed, the grantor handed it to his
brother, S. S. Martin, who testifies that he (the
grantor) "got it (the deed) out and handed it to
me, and says, 'I want you to take this, and after I
am gone I want you to have it recorded and turn
it over to the boy,' meaning the defendant." He
afterwards told the plaintiffs and others that he had
deeded the land to the defendant, and intended him
to have it. The testimony of S. S. Martin is all
the evidence in the record as to what occurred at
the time of the delivery to him, but some of the
plaintiffs testify that after the deed had been exe-
cuted their father told them that he still had it in
his possession, and intended to keep it until his
death. These statements were probably made dur-
ing the interval between its execution and delivery
to S. S. Martin, for it is clear that the delivery
of the deed was absolute and unconditional, the
grantor never having possession of it thereafter.
And we think it is manifest from his declarations
at the time, as well as from all the surrounding
circumstances, that he intended by such delivery to
divest himself of all power and dominion over the
deed, and that it was no longer subject to his con-
trol. Upon these facts the only question to be de-
termined is whether there was a sufficient delivery
of the deed by the grantor to pass the title to the
grantee. The question as to when a deed, executed
and deposited with a stranger to be delivered to
the grantee upon the death of the grantor, is effect-

ual to pass title, has been the subject of much judicial controversy, but it is now substantially agreed that its solution depends on whether the grantor intends to and does retain dominion and control over it after such delivery, or parts with the possession and control of it absolutely at the time of the delivery. In the former case, by the great weight of authority—although the decisions are not entirely harmonious—there is no sufficient delivery, and the deed passes nothing: 1 Devlin on Deeds, § 282; *Stinson* v. *Anderson,* 96 Ill. 372; *Prutsman* v. *Baker,* 30 Wis. 644 (11 Am. Rep. 592); *Brown* v. *Brown,* 66 Me. 316; *Cook* v. *Brown,* 34 N. H. 460; *Williams* v. *Schatz,* 42 Ohio St. 47; *Provart* v. *Harriss,* 150 Ill. 40 (36 N. E. 958); *Davis* v. *Ellis,* 39 W. Va. 226 (19 S. E. 399). But if the grantor parts with all dominion and control over the deed, reserving no right to recall it or alter its provisions, it is a good delivery, and the grantee will, on the death of the grantor, succeed to the title. It was so held in *Foster* v. *Mansfield,* 3 Metc. 412, (37 Am. Dec. 154,) where a grantor executed a deed and delivered it to the scrivener, to be retained by him until the grantor's death, and then to be delivered to the grantee. In this case Mr. Chief Justice SHAW makes a distinction which seems generally to be recognized by the authorities between a deed of the kind here under consideration and an escrow. He says: "Where the future delivery is to depend upon the payment of money, or the performance of some other condition, it will be deemed an escrow. Where it is merely to await

the lapse of time, or the happening of some contingency, and not the performance of any condition, it will be deemed the grantor's deed presently. Still it will not take effect as a deed until the second delivery; but when thus delivered, it will take effect, by relation, from the first delivery." Again, in the case of *Stone* v. *Duvall*, 77 Ill. 475, where a party executed a deed for land to his married daughter, and directed the party in whose hands he placed the same to have it recorded, and hold it until the grantor's death, but, having survived the daughter, filed a bill to set the same aside, it was held that, in the absence of proof of any mistake in drafting the same, the deed could not be set aside, but that the grantor's original intention must be carried into effect, that he was entitled to the use of the land as though he had a life estate therein, and upon his death the deed would take effect so as to have vested a title in the grantee by relation back, and so pass the title to her heirs at law. So also in *Latham* v. *Udell*, 38 Mich. 238, the grantor executed and acknowledged certain deeds, and delivered them to his wife with directions to hand them over to the grantees immediately after his death, and it was held that such deeds were operative to carry out the grantor's intent, and were not void for nondelivery. To the same effect are *Lang* v. *Smith*, 36 W. Va. 734 (17 S. E. 213); *Stephens* v. *Rinehart*, 72 Pa. St. 434; *Reed* v. *Douthit*, 62 Ill. 348; *Hathaway* v. *Payne*, 34 N. Y. 92; *Wheelwright* v. *Wheelwright*, 2 Mass. 447; Devlin on Deeds, § 280; and the authorities which are cited in

these cases fully sustain the rule laid down. Within this rule, and upon the evidence, the court is clearly of the opinion that there was a sufficient delivery of the deed by the grantor to vest the title in the defendant after his death. The decree of the court below must therefore be reversed, and the complaint dismissed.                                REVERSED.

Decided at PENDLETON, July 18, 1896.