(120 App. Div. 738)

### In re NAYLOR'S ESTATE.

(Supreme Court. Appellate Division, First Department. July 15, 1907.)

TAXATION—TRANSFER TAX—APPRAISAL—RES JUDICATA.

Under Laws 1897, p. 150, c. 284, providing that estates in expectancy shall be appraised at their full value, without diminution on account of any valuation theretofore made of the particular estate, where a transfer tax appraiser appraised the value of a life estate and a remainder, while the holder of the life estate was living and without notice to the remaindermen, the confirmation of his report by the Surrogate's Court is not res judicata, though there was no appeal by the state, since the valuation of the remainder was not properly before the appraiser or court, and the state was not estopped, since the remaindermen had no notice of the proceedings.

Ingraham, J., dissenting.

Appeal from an order of Surrogate's Court, New York County.

Application by Walter R. Mason and others for an order fixing the amount of transfer tax in a certain estate. From an order fixing the amount of the tax, Mason and others appeal. Affirmed.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, LAMBERT, and HOUGHTON, JJ.

John Post, for appellants.
Thomas B. Casey, for respondent.

McLAUGHLIN, J. On the 7th of June, 1897, Joseph Naylor died, leaving a will by which he devised certain real estate in trust to trustees therein named, for the benefit of his wife during her life, and directed them, upon her death, to hold such real estate upon seven separate trusts for the benefit of his seven nephews and nieces, respectively, paying to each the net income of one equal seventh part during his or her life, with remainder in each case to his or her surviving lineal descendants. The executors qualified, and on the 10th of August, 1898, an appraiser was appointed to fix the transfer tax. He gave due notice to all of the parties then interested, and on the 1st of October following filed his report, by which the net value of the real estate passing under the will was found to be $271,109.36. This he divided into seven equal parts, one for each of the life tenants, and fixed the cash value of the life estate, as well as the remainder in each case. The value of the life estate of Sarah Morgan Mason (one of the nieces) was fixed at $15,307, and the tax imposed thereon was $765.35. The value of the remainder limited upon her life was fixed at $22,316, but no tax was imposed thereon, because, according to his report, it could not then be definitely ascertained to whom such remainder would ultimately descend. His report was subsequently confirmed by an order of the Surrogate's Court, and no appeal was taken therefrom.

Sarah Morgan Mason died November 27, 1905, leaving the appellants, Walter R. Mason and Edgar F. Mason, her sons and only surviving descendants. They each, under the will of Joseph Naylor, became entitled to one-half of the one-seventh given to their mother for life. Shortly after the mother's death they applied to the surrogate for an order fixing the amount of the transfer tax upon the remainder limited upon the life of their mother, and which had previously been valued by the appraiser at $22,316. The statute which was in force at the time of Naylor's death, under and by which the transfer tax had to be determined, was chapter 284, p. 150, of the Laws of 1897, and the surrogate held that the appellants were liable to pay, under this statute, a tax, not on the value of the remainder as determined by the appraiser theretofore appointed, but upon the value of the real estate passing, undiminished by the value of the estate of their mother. This statute provides that:

"Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates, for the purpose of taxation upon which said estates in expectancy may have been limited."

An appeal was taken to the Surrogate's Court, where the same conclusion was reached, and an order was entered fixing the tax upon the full value of the real estate as of the time of the testator's death, and as ascertained by the appraiser theretofore appointed. The appeal is from this order.

The appellants contend that the order fixing the value of the real

estate passing to them was definitely determined on the former appraisement, and that the order then entered is res adjudicata. I do not think it is. It is not claimed that the statute authorized a determination to then be made of the value of the interest passing to the remaindermen, and it could not well be, in view of the language used in the statute. What is claimed is that, that appraisement having been made and the state being represented, an error of law was committed, which could only be corrected by appeal; that no appeal was taken by the state, and therefore it is not in a position to assert that that order was erroneous; in other words, that that order is res adjudicata as to the value of the estate passing to the appellants. The value of the estate passing to the remaindermen was not before the appraiser. There was no necessity, and he had no authority, to pass upon that question. Matter of Earle, 74 App. Div. 458, 77 N. Y. Supp. 503; Matter of Goelet, 78 N. Y. Supp. 47. A judicial determination, whether it be by judgment, order, or decree, is conclusive only in respect to the grounds covered by it and the necessary facts passed upon to uphold it, and although it in express terms purports to determine a particular fact, yet if such fact were immaterial, the judgment, order, or decree will not conclude the parties in reference thereto. It is only the material, relevant, and necessary facts decided which are finally and conclusively determined. Stokes v. Foote, 172 N. Y. 327, 65 N. E. 176, reversing Stokes v. Stokes, 49 App. Div. 302, 63 N. Y. Supp. 887; House v. Lockwood, 137 N. Y. 259, 33 N. E. 595; Springer v. Bien, 128 N. Y. 99, 27 N. E. 1076; Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084; Stowell v. Chamberlain, 60 N. Y. 272; Woodgate v. Fleet, 44 N. Y. 1; Campbell v. Gonsalus, 25 N. Y. 613.

The rule is well illustrated in the authority last cited. There an action was brought to procure the cancellation of a mortgage upon the ground that it had been paid, and the pleadings put in issue that fact. The trial court found that the mortgage had not been paid and that the sum of $2,754 remained unpaid. In a subsequent action to foreclose the mortgage the court held that the prior judgment was conclusive upon the parties only as to the fact that something was due, but not the amount. In Woodgate v. Fleet, supra, Judge Earl, referring to the rule of res adjudicata, said:

"A judgment is conclusive upon the parties thereto only in respect to the grounds covered by it and the law and facts necessary to uphold it; and although a decree in express terms purports to confirm a particular fact or rule of law, yet, if such fact or rule of law was immaterial to the issue and the controversy did not turn upon it, the decree will not conclude the parties in reference thereto."

And in Stannard v. Hubbell, supra, the headnote, which seems to fairly state the ground of the decision, is that:

"Only material, relevant, and necessary facts decided in an action are conclusively determined thereby. The judgment does not operate as an estoppel in a subsequent action between the parties as to the immaterial or unessential facts, even though put in issue by the pleadings and directly decided."

The fact that the appraiser undertook to determine the value of the estate which would ultimately pass to the remaindermen did not bind them, because they were not represented; and, if it did not bind them,

I do not see how it can be claimed that it bound the state. Res adjudicata is predicated upon the doctrine of estoppel, and this always presupposes that the party against whom it is asserted has had an opportunity to be heard. The remaindermen had no notice of the appraisement. As such they were not represented, and no one would seriously contend, such facts existing, that they were finally and conclusively estopped from questioning the value as then ascertained. The proceeding then instituted was not for the purpose of ascertaining the value of the· estate passing to them, and that question was not involved. It was not material or necessary to be determined, and for that reason the order ·confirming the appraiser's report was not binding upon and did not conclude the parties to this proceeding. Rudd v. Cornell, 171 N. Y. 129, 63 N. E. 823.

I am of the opinion the order appealed from is right, and should be affirmed, with $10 costs and disbursements.

CLARKE, HOUGHTON, and LAMBERT, JJ., concur. INGRAHAM, J., dissents.