Argued February 5, affirmed February 13, 1918.

# DIECKMAN v. JAEGER.*

(170 Pac. 727.)

**Deeds—Delivery.**

1. If the grantor parts with all dominion and control over his deed, reserving no right to recall it or alter its provisions, there is a good delivery.

**Deeds—Delivery—Direction to Turn Over to Grantee "In Case of My Death."**

2. Where the grantor deposited his deed to the grantee with third persons, directing, "In case of my death you will please deliver the attached deed, from myself to E. D., to E. D.," there was a good delivery, and the grantee on the grantor's death succeeded to so much of the land as the grantor had not conveyed to others, since the words "in case of my death" as used are identical with "after my death."

**Deeds—Delivery—Delivery to Third Person.**

3. A delivery of a deed to a third person for the grantee is absolute, unless the grantor at the time of making it manifested some intention of retaining control, or there are circumstances showing that the deposit was made subject to recall.

[As to admissibility of evidence to show that instrument not testamentary on its face was intended to take effect upon the death of the maker, see note in Ann. Cas. 1914A, 89.]

---

*On delivery of deed to third person or record by grantor, as a delivery to the grantee, see notes in 54 L. R. A. 865; 9 L. R. A. (N. S.) 224; 38 L. R. A. (N. S.) 941.          REPORTER.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action of ejectment. In October, 1909, Henry Carl Dieckman executed a deed conveying to Emilie Dieckman a tract of 160 acres of land in Clackamas County, Oregon, and on December 10th of the same year deposited it with J. W. Thornton & Son with the following note:

"December 10, 1909.

"J. W. Thornton & Son,
    "Wilsonville, Or.
"Gentlemen:
    "In case of my death you will please deliver the attached deed, from myself to Emilie Dieckman, to Emilie Dieckman, deed conveying 160 acres of sections thirteen and fourteen in township three, south of range one west, Clackamas County, Oregon, dated March 27th, 1909.
    "(Signed)    HENRY KARL DIECKMAN."

Thereafter he conveyed to other parties a portion of said land, but not the forty acres involved in this action. Henry Carl Dieckman died on the twenty-eighth day of March, 1912, and the plaintiff and two other sisters are his heirs at law. The defendant, Gust Jaeger, was appointed administrator of Dieckman's estate and took possession of the property in dispute as the property of deceased, whereupon the plaintiff brought this action. There were findings and a judgment for plaintiff, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Dimick & Dimick* and *Mr. W. L. Mulvey,* with an oral argument by *Mr. Grant B. Dimick.*

For respondent there was a brief over the names of *Mr. Martin L. Pipes, Mr. John M. Pipes* and *Mr. George A. Pipes,* with an oral argument by *Mr. Martin L. Pipes.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

This appeal presents the single question, namely: whether the findings of the Circuit Court are sufficient to sustain the judgment, and this again narrows down to a construction of the written instructions which accompanied the deposit of the deed with Thornton & Son. The evidence upon which the Circuit Court based its decision cannot be considered here and we must assume that it was sufficient to justify the findings. These are to the effect that Dieckman executed the deed, deposited it with Thornton & Son without any other or different instruction than these recited in the writing above quoted; and that he subsequently conveyed a portion of the property to other persons.

1. It is settled in this jurisdiction that

"if the grantor parts with all dominion and control over the deed, reserving no right to recall it or alter its provisions, it is a good delivery and the grantee will, upon the death of the grantor, succeed to the title": *Hoffmire* v. *Martin,* 29 Or. 240 (45 Pac. 754).

In that case the declaration of the grantor at the time of the delivery of the deed to the depositary was as follows: "I want you to take this and after I am gone I want you to have it recorded and turn over to the boy," meaning the grantee. This court said:

"It is clear that the delivery of the deed was absolute and unconditional, the grantor never having possession of it thereafter and we think it manifest from his declaration at the time as well as from all the surrounding circumstances that he intended by such delivery to divest himself of all power and domin-

ion over the deed and that it was no longer subject to his control."

2, 3. Counsel for appellant attempts to distinguish between the language used by the grantor in the Hoffmire case and that employed by the grantor here. In the case cited the grantor directed that the deed be delivered "after my death," and in the case at bar the direction was to deliver it "in case of my death." As here used we think the expressions are practically identical. The phrase "in case of my death" as here used is vitally different from the phrase "in case of death" so often used with reference to beneficiaries in wills and similar documents. As where a devise contains the words "I give to A my property and in case of his death the same to go to B." In such cases it has been held in the absence of special circumstances indicating a contrary intention, that the true purpose of the phrase was not to create a remainder in B upon the death of A, but that if A were living at the time of the testator's death he took the estate absolutely, the phrase quoted being construed as merely having reference to the contingency that A might die before the testator, and the devise thereby lapse: *Skipwith* v. *Cabell's Exr.,* 19 Gratt. (Va.) 758; *Hill's Lessee* v. *Hill,* 5 Gill & J. (Md.) 87; *Hinkly* v. *Simmons,* 4 Ves. 160; *Wright* v. *Stephens,* 4 Barn. & Ald. 674. This rule is predicated upon the possibility that the beneficiary may die before the devisor and the legacy thereby lapse, but in case of a deed there would be no failure of the grant by reason of the death of the grantee, while the death of the grantor at some period being an absolute certainty the deposit cannot be said to depend upon the possible or probable happening of an uncertain event. The legal meaning therefore

of the words "in case of my death" must logically be held to be "after my death" and it is so held.

In 2 Jarman on Wills, 760, it is said:

"Consistently with the principle of the two cases (*Smart* v. *Clark,* 3 Russ. 365, *Tilson* v. *Jones,* 1 Russ. & M. 553) just stated, it has been held that the words under consideration 'in case of his death' succeeding an indefinite devise of land, would (as such a devise, if contained in a will which is subject to the old law, confers only an estate for life) be held to be synonymous with 'after the death' and accordingly the estate to which they are prefixed is a vested remainder expectant on such life-estate. Thus, in *Bowen* v. *Scowcroft,* 2 You. & Coll. 640, where an undivided share in lands was devised to W. and B., and in case of their demise the testator devised their respective shares to be equally divided among their children or their lawful heirs, ALDERSON, B., was of the opinion that, as this was a case of a devise of land, the authorities relating to personal estate did not apply, and that the words were to be construed 'after their decease.'"

As before remarked, we have not the aid of any extrinsic testimony to indicate an intention upon the part of the testator to retain control of the deed when he deposited it with Thornton & Son. The rule in this state, differing from that announced in some other jurisdictions, holds such a delivery to be absolute unless the grantor at the time of making it manifests some intention of retaining such control, or there are in the circumstances attending the deposit some evidence that it was made subject to recall by the grantor. *Foote* v. *Lichty,* 60 Or. 542 (120 Pac. 398), is an instructive case, wherein the grantor sought in his lifetime to recall deeds executed and placed in the hands of a custodian to be recorded at grantor's death. Foote testified that it was not his intention to part with the control of the deeds, but admitted that he said nothing

to the custodian about taking them back.   The delivery, as here, was upon the face of it absolute and this court, speaking through Mr. Justice BURNETT, said:

"The rule is well established in this state that such conduct is proof of the present intent of the grantor to then convey the land to the grantee.   The weight of authority seems to be that, if the grantor would have a different effect given to his acts, he must at the time of putting the deeds in the possession of a stranger append thereto the condition affirmatively that on the demand of the grantor they should be returned to him.   If nothing is said on the subject, the transaction will take the natural course of a conveyance."

To reverse this case would be to overturn the fixed and consistent holding of this court in numerous cases, as well as what we deem to be the weight of authority in other jurisdictions, and as the rule heretofore adopted by us seems in the majority of instances to have accomplished substantial justice we see no good reason to depart from it and the judgment is therefore affirmed.                              AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE McCAMANT and MR. JUSTICE BEAN concur.