## In re PICOT'S ESTATE.

No. 3258.   Decided Jan. 6, 1919.   (178 Pac. 75.)

1. EXECUTORS AND ADMINISTRATORS—DUTY TO DEFEND AGAINST AD-VERSE CLAIMANTS. Ordinarily it is the duty of every administrator to ascertain and defend the property and rights of the estate as against any adverse claimant.   (Page 200.)

2. EXECUTORS AND ADMINISTRATORS—DOUBTFUL CLAIMS TO PROPERTY—DUTY. If legality of assignments by deceased of notes and mort-gages in question were doubtful, administratrix should have ob-tained judgment of the court respecting legality, and should not have determined that question for herself.   (Page 200.)

3. APPEAL AND ERROR—APPEAL FROM FAVORABLE JUDGMENT—RIGHT TO ALLEGE ERROR. Judgment setting aside order fixing inheritance tax, and requiring administratrix to furnish to appraisers a list of all property not theretofore appraised, was, since it increased assets of estate, favorable to estate, and, where court did not fix any amount of tax as due upon said property, there is nothing to contest on appeal so far as the state is concerned.   (Page 200.)

4. TAXATION—INHERITANCE   TAX—OMITTED   PROPERTY—NEW   AP-PRAISEMENT. Although term at which judgment fixing inheritance tax was entered had expired, district court had jurisdiction on appli-cation to determine whether administratrix had failed to inventory all property, and, if it found property belonging to the estate which had not been inventoried, to ascertain its value, and fix inheritance tax, in view of Comp. Laws 1907, sections 1220x23, 1220x24. (Page 201.)

5. TAXATION—RES ADJUDICATA—MATTERS NOT LITIGATED. Judgment of district court fixing inheritance tax, although not appealed from, was not, in view of Comp. Laws 1907, sections 1220x23 and 1220x24, res adjudicata in proceeding to subject to inheritance tax newly discovered property which administratrix had not inventoried. (Page 202.)

6. TAXATION—INHERITANCE TAX—PROPERTY SUBJECT. Where notes and mortgages were assigned by deceased to his wife in contempla-tion of death, they would be subject to inheritance tax regardless of validity of assignments as between widow and children of de-ceased, conceding that assignments constituted gifts causa mortis. Page 204.)

7. TAXATION—INHERITANCE TAX PROCEEDINGS—PARTIES. In proceed-ing pursuant to Comp. Laws 1907, sections 1220x to 1220x31, as amended in part by laws 1915, cc. 28 and 98, to subject to inherit-

ance tax newly discovered property claimed by executrix under assignments from deceased, administratrix should be made a party in her personal capacity as well as in her representative capacity. (Page 206.)

8. TAXATION—INHERITANCE TAX—JUDGMENT—APPEAL.    While judgment, which determined that newly discovered property was a part of assets of estate, was final, appeal should not have been taken until after appraisement had been made and amount of tax determined and adjudged on the value if the property as appraised. (Page 206.)

9. TAXATION—INHERITANCE TAX—NEWLY DISCOVERED PROPERTY—ASSESSMENT.    When additional property is discovered after the first appraisement and adjudication of the inheritance tax thereon, it is unnecessary to set aside the preceding appraisement and adjudication before proceeding to a determination of the value of the newly discovered property and fixing amount of inheritance tax thereon. (Page 207.)

Appeal from the District Court of Cache County, First District; *Hon. J. D. Call*, Judge.

In the matter of the estate of Alfred Picot, deceased.

From an order or judgment requiring Eda M. Picot, administratrix, to inventory and produce for appraisement, and to have appraised, certain personal property, she appeals.

AFFIRMED and remanded.

*Walter & Harris* for appellant.

*Dan B. Shields*, Atty. Gen., and *O. C. Dalby* and *H. Van Dam, Jr.*, Asst. Attys. Gen., for respondent State Treasurer.

FRICK, C. J.

This is an appeal by the administratrix of the estate of one Alfred Picot, deceased. The appeal is from an order or judgment of the district court of Cache County requiring said administratrix to inventory and produce for appraisement, and to have appraised, certain personal property, consisting principally of notes and mortgages, which, it is alleged, are

assets of said estate, and which appraisement is to be made for the purpose of determining the amount of inheritance tax that is alleged to be due to the state of Utah from said estate on said personal property, pursuant to Comp. Laws 1907, sections 1220x to 1220x31, inclusive, as amended by chapters 28 and 98, Laws Utah 1915. The amendments are, however, not material to this controversy, and hence hereinafter we shall refer only to the sections as contained in Comp. Laws 1907, supra.

The facts, briefly stated, are as follows:

Alfred Picot died at Logan, Cache County, Utah, his home, April 21, 1916. On May 17th following Eda M. Picot, the widow of said decedent, was duly appointed administratrix of his estate. Thereafter said administratrix filed an inventory which she claimed constituted all of the assets of said estate. The value of the property contained in said inventory was appraised at $25,980.50, of which amount $18,409 was real estate and the balance personal property. On May 18, 1917, said property, after due and legal notice, was duly appraised by the inheritance tax appraisers of Cache County at the valuation just stated, and thereafter, to-wit, on June 9, 1917, upon the petition of said administratrix, after due notice, the district court of Cache County, after determining and deducting the widow's interest in said real estate, and after allowing the exemptions provided by law, determined the amount of inheritance tax such estate should pay to the state of Utah. The amount of tax on the property aforesaid was fixed at the sum of $231.04, for which judgment was entered against said estate and in favor of the state of Utah. Thereafter, to-wit, on the 2d day of October, 1917, the treasurer of the state of Utah, pursuant to law, filed his application in said district court, alleging that there was certain personal property consisting of a large number of notes secured by mortgages, and other property, of a value in excess of $280,000, and all of which property, he alleged, was owned by said Alfred Picot at the time of his death and was part of his estate, and which said administratrix had omitted to inventory, and had failed to have appraised as the property of said estate for the purpose of computing the inherit-

ance tax, and upon all of which the state of Utah was en-titled to an inheritance tax as provided in the statute here-tofore referred to. The facts with respect to the last-men-tioned property, and its character and value, together with the reasons why the same was not appraised as provided by law, and why the treasurer had not sooner moved in the matter, are all set forth at length in said application. The state treasurer prayed for an order setting aside the preced-ing order and judgment fixing the amount of the inheritance tax due the state from said estate, and prayed that said ad-ministratrix be required to make an inventory of all the per-sonal property last above mentioned as part of the assets of said estate; that the same be appraised as provided by law; and that the amount of the inheritance tax be determined and fixed upon said property, and that the same be adjudged to be due to the state of Utah from said estate; and for gen-eral relief. The administratrix filed an answer to said ap-plication, in which she admitted the facts disclosed by the record as alleged in the application. She, however, denied that said personal property, or any part of it, belonged to said estate. She also affirmatively averred that the notes and mortgages referred to in the application of said treasurer were assigned "during the month of March, 1916, to Eda M. Picot." The Eda M. Picot named is the administratrix of said estate. She also pleaded the former proceeding respect-ing the appraisement of the real and personal property which she had inventoried as constituting the assets of said estate, and the entry of judgment determining the amount of in-heritance tax owing to the state of Utah from said estate on said inventoried property, and challenged the court's juris-diction to proceed further on this application, and averred that the whole matter was res judicata.

A hearing was had upon the issues presented by the ap-plication and the answer thereto, after which the court made findings of fact and conclusions of law, and on the 11th day of May, 1918, entered an order or judgment as follows:

"It is by this court ordered, adjudged, and decreed that the order fixing the inheritance tax entered in the above-entitled matter on the 9th day of June, 1917, is hereby set

aside, and the administratrix of the estate is required to furnish to the state inheritance tax appraisers for the county of Cache, state of Utah, all the property of said estate not heretofore appraised, which said property is hereinafter described in full; and that any other property discovered since the making of the last appraisement be also submitted to the appraisers for appraisal, for the purpose of fixing the inheritance tax due the state of Utah, and that said Daniel O. Larson have his costs in this matter expended.

"The property referred to and affected by this decree is listed and attached hereto."

The appeal is from the foregoing judgment.

A list of the notes and mortgages in question is attached to the court's findings, the par or face value of which exceeds the sum of $280,000, all of which, the administratrix contends, were assigned to her prior to the death of her husband, as before stated. With reference to the alleged assignments the court found as follows:

"That between the 1st day of January, 1916, and a few days prior to the death of Alfred Picot, deceased, together with certain promissory notes and debts secured thereby to the value of $280,165.30, were attempted to be assigned by said deceased to Eda M. Picot, wife of said deceased; that at the time of said attempted assignment certain instruments were made by the deceased purporting to convey his interest in said mortgages, notes, and debts secured thereby to Eda M. Picot, and that the mortgages and the notes and the debts secured thereby and the said assignments were held and retained in the possession of the said Alfred Picot, deceased, during his lifetime, and that the same were not at any time during the life of said Alfred Picot delivered to said Eda M. Picot, and that said Alfred Picot retained the control of said mortgages, notes, and debts secured thereby and of the said assignments during his lifetime, and that the said Eda M. Picot, did not, during the lifetime of said Alfred Picot, obtain possession of said mortgages, notes, or the debts secured thereby, or the assignments, or any or either of them."

The court also found that the state treasurer did not know of the existence of said notes and mortgages at the time of

the first appraisement, and did not learn of their existence until about the time this application was made.

There are a number of assignments of error argued in counsel's brief, but we shall consider those only which are deemed material to this controversy.

We remark that the appeal in this case presents a somewhat anomalous situation. Here the administratrix of the estate appeals from a judgment which is most favorable to the estate, in that by the judgment the assets of the estate are increased to the extent of more than $280,000.

Ordinarily, it is the duty of every administrator to ascertain and to defend the property and rights of the estate as against any adverse claimant.

If, therefore, the legality of the assignments of the notes and mortgages were merely doubtful, the administratrix should at least have obtained the judgment of the court respecting their legality, and should not have determined that question for herself. If, therefore, the administratrix represents the estate on this appeal she manifestly is not serving the best interests of the estate, but is defending her own interests as against the estate. If the court had adjudged and fixed the amount of the inheritance tax against the estate upon the value of the notes and mortgages as that value is found by proper appraisement, and the administratrix were claiming that the court had erred. in determining and fixing the amount of the tax—that is, that the court had erred in that respect—then she could well represent the estate on this appeal, and contest the excessive portion of the tax, or she might question the legality of the tax altogether.

The court did, however, not determine or fix any amount of tax as due from the estate upon the property last named, and hence, so far as the estate is concerned, there is nothing to contest on this appeal. In view of the whole record, however, we shall treat this appeal as though it were taken by the administratrix, not in her representative capacity, but as though she were here in her individual or personal capacity, and in which she is seeking to vindicate

her personal rights rather than those of the estate. So treating the appeal, what are her rights?

Counsel for the administratrix insist that the district court was without jurisdiction to make the orders in question. Of course counsel do not contend that the district court is without jurisdiction in proceedings of this character. That question is settled by Comp. Laws Utah 1907, section 1220x16, which provides:

"The district court having either principal or ancillary jurisdiction of the settlement of the estate of the decedent shall have jurisdiction to hear and determine all questions in relation to said tax that may arise affecting any devise, legacy, or inheritance, or any grant or gift, under this title, subject to appeal as in other cases, and the state treasurer shall in his name of office represent the interests of the state in any proceedings."

The district courts are therefore clothed with ample jurisdiction and power in all inheritance tax proceedings. The particular ground, however, upon which counsel base their contention that the district court was without jurisdiction to enter the order or judgment appealed from, is that the court had lost jurisdiction by reason of the fact that the application to set aside the former order or judgment determining and fixing the amount of the inheritance tax was not made during the term at which the judgment was entered, and because sufficient facts are neither alleged nor shown to authorize the court to act. In making that contention we think counsel overlook the provisions of our statute. By sections 1220x23 and 1220x24 full and complete power and authority is vested in the district courts of the several counties of this state to investigate and determine all questions respecting the rights of the state to collect an inheritance tax upon any and all property that shall have "passed by will or by the intestate laws of this or any other state, or by deed, grant, sale, or gift made or intended to take effect, in possession or in enjoyment after the death of the testator, donor, or grantor, to any person within this state," etc. In that section it is made the duty of the several clerks of the district courts in this state, and also of "any citizen of the

state having knowledge of property liable to such tax, against which no proceeding for enforcing collection thereof is pending,'' to report the same, so that proper proceedings may be instituted in the proper court to determine the amount of the tax and to collect the same. Those sections are too long for insertion here. It must suffice to say that, after providing how and under what circumstances investigations shall be made, and what notice shall be given, and a time for hearing fixed, section 1220x24 concludes with the following words:

''If upon hearing at the time so fixed, the court is satisfied that any property of the decedent, or any property devised, granted, or donated by him, is subject to the tax, the same proceedings shall be had as in other cases, so far as applicable.''

If, therefore, it should develop on the hearing that an administrator or executor has failed or neglected to inventory all of the property of his intestate or testate, as the case may be, the court may order a hearing with respect thereto; and, if it be found that there is property belonging to the estate which is not inventoried and returned for appraisement, proceed to ascertain its value, and determine and fix the inheritance tax as in ''other cases''; that is, as though the administrator or executor had filed an inventory and made return of the property in the first instance. Those two sections can have but one purpose, namely, to provide a remedy in all cases where property belonging to the estate for any reason is omitted from the regular inventory and is afterwards discovered. This is precisely what happened in the case at bar.

Notwithstanding those sections, however, it is contended by counsel for the administratrix that the question of determining the amount of the inheritance tax in this case is res judicata. In support of that contention it is insisted that, in view that the state has failed to appeal from the order or judgment determining and fixing the amount of the inheritance tax, it cannot, except for fraud or some other good and sufficient reason, have that question reopened and re-examined. Counsel cite the following cases, which they contend sustain their contention: *In re Smith's*

*Estate,* 14 Misc. Rep. 169, 35 N. Y. Supp. 701; *In re Willet's Estate,* 51 Misc. Rep. 176, 100 N. Y. Supp. 850; *In re Lansing's Estate,* 31 Misc. Rep. 148, 64 N. Y. Supp. 1125; *In re Crerar's Estate,* 56 App. Div. 479, 67 N. Y. Supp. 795; *In re Clarkson's Estate* (Sur.) 149 N. Y. Supp. 32; *Wright* v. *County of Sonoma,* 7 Cal. App. 567, 96 Pac. 333; *In re Rice's Estate,* 29 Misc. Rep. 404, 61 N. Y. Supp. 911; and *In re Morgan's Estate,* 85 Misc. Rep. 682, 147 N. Y. Supp. 685. It may be conceded that the decisions in the foregoing cases, upon the facts there disclosed and upon the questions there involved, are well decided. It is also true that it is held in the foregoing cases that where the court has committed an error in determining the amount of the tax, or has erred in any other respect in the course of the proceeding, the error must be corrected, if corrected at all, upon appeal in the regular way. It is, however, not held in those cases that under a statute like our sections 1220x23 and 1220x24, supra, a court may not determine the tax upon property which never was before the court, and was not, and could not have been, considered because it was not known nor claimed to be a part of the estate when the first inventory was returned and appraisement thereon was had, and when the tax was fixed. In the case of *In re Rice's Estate,* supra, it is directly held that the doctrine of res judicata does not apply with respect to newly discovered property. To the same effect is *Matter of Mason* (*In re Naylor's Estate*) 120 App. Div. 738, 105 N. Y. Supp. 667. In the case last cited, in the course of the opinion, in passing upon the question of res judicata in such cases, it is said:

"The value of the estate passing to the remaindermen was not before the appraiser. * * * A judicial determination, whether it be by judgment, order, or decree, is conclusive only in respect to the grounds covered by it and the necessary facts passed upon to uphold it," etc.

The mortgages here in question were not considered by the appraisers nor by the court on the first hearing. The question of their ownership was not before the court, and was not determined, nor attempted to be determined, in the first proceeding. The question whether they were subject to the

inheritance tax was therefore not considered, nor, in view of the record, could it have been. How, then, can it successfully. be contended that the matter is res judicata? If, however, we consider the question from another point of view, we will again arrive at the same result. Suppose the state had appealed from the former judgment, just as counsel for the administratrix insist it should have done, what possible question could have been reviewed by this court on that appeal? The state was satisfied with the amount of inheritance tax that was imposed upon the property that had been inventoried and appraised. No question concerning its ownership was even mooted. In determining the facts, therefore, no error, either in law or in fact, had been committed, and none was claimed to exist. How, then, could the question now involved have been presented on an appeal? It is palpable that it could not have been, and the only reason why it could not was because it was not before the court in any form, either directly or indirectly. How, then, can it be held to be res judicata? Entirely apart, therefore, from the provisions of sections 1220x23 and 1220x24, the doctrine of res judicata is not involved on this appeal.

What has been said also disposes of counsel's contention that the district court erred in not specifically finding upon the so-called defense of res judicata. If we are right in holding that the doctrine of res judicata was not involved, then a finding upon that question was wholly immaterial.

It is, however, contended that the court erred in finding, both as a fact and as a conclusion of law, that the notes and mortgages in question were subject to the inheritance tax. It is not necessary to set forth the evidence upon that question. There was no conflict, and the evidence is clear and explicit that the alleged assignments of the notes and mortgages in question were never manually delivered to the wife of the deceased. Indeed, the evidence is very explicit that the custody and control of the notes, mortgages, and assignments were always in the deceased. He had never lost nor surrendered dominion or control over them or either of them. While it is true that he directed his son, who acted as his clerk and bookkeeper, to make out the assign-

ments, and while the son complied with the father's directions in that respect, and was proceeding to make the assignments of the notes and mortgages, which were of great number, yet the notes and mortgages, as well as the assignments, were always kept in the possession and under the control and dominion of the father until his death. Indeed, the assignments were not entirely completed when death overtook him. Taking the facts just as they appear in this record, if it had so happened that the administratrix, the alleged assignee of those notes and mortgages, had died on the day on which her husband died, and instead of dying he had lived, and it were now claimed by the state, or any one else, that those notes and mortgages were subject to the inheritance tax as against the estate of the administratrix, the claim could not be sustained in any court. If it were conceded, however, that, as between the other heirs of the deceased and his widow, the notes and mortgages in question belong to her by reason of the foregoing assignments, yet that fact would not, standing alone, have any effect upon the state's rights to impose an inheritance tax thereon. According to the testimony of the son—and his testimony stands undisputed—the assignments were manifestly made in contemplation of the death of his father. Under those circumstances the notes and mortgages are clearly subject to an inheritance tax.

In support of the contention that the assignments of the notes and mortgages were effective without actual or manual delivery to the administratrix, counsel cite the cases of *Lippold* v. *Lippold,* 112 Iowa, 134, 83 N. W. 809, 84 Am. St. Rep. 331; *Dieckman* v. *Jaeger,* 87 Or. 392, 170 Pac. 727; *Devoll* v. *Dye,* 123 Ind. 321, 24 N. E. 246, 7 L. R. A. 439; and *Johnson* v. *Colley,* 101 Va. 414, 44 S. E. 721, 99 Am. St. Rep. 884. The two cases last cited involve gifts causa mortis. If it were conceded that the assignments in question constituted gifts causa mortis, they would still be subject to an inheritance tax. Dame, Probate & Adm. (2d Ed.) section 398. Upon the other hand, if it be held that a delivery may be made to a third person for the benefit of the donee, and that it is not always necessary that the thing which is the subject of delivery need, under all circumstances, pass entirely beyond the

control of the donor, as is illustrated in *Lippold* v. *Lippold* and *Dieckman* v. *Jaeger,* supra, yet those cases have no application here, since the assignments were clearly made in contemplation of death, and hence come within the inheritance tax statute, regardless of the legal effect respecting the delivery as between the widow and the children of the deceased —a question which is not before us now, and upon which we express no opinion. In any view that may be taken, therefore, the district court did not err in requiring the administratrix to produce the notes and mortgages in question and all other property belonging to the estate, if any there be, for appraisement according to law.

We desire to state, however, as indicated at the beginning of this opinion, that the proceedings are somewhat irregular. The administratrix should also be made a party to this proceeding in her personal or individual capacity. That may, however, be done by amendment after the case is remanded to the district court, as it must be, for the purpose of determining the amount of inheritance tax on the notes and mortgages after the same have been appraised and their actual value ascertained as provided by the statute.

We also desire to suggest that the appeal is somewhat irregular in other respects. While it is true that the judgment which in effect determines that the notes and mortgages are a part of the assets of the decedent's estate, and requires them to be produced for appraisement, is a final judgment, yet where such is the case an appeal should not be taken until after the appraisement is made, and until after the amount of the tax is determined and adjudged on the value of the property as appraised. If that be done, all questions arising in the course of the proceeding may be reviewed and the whole matter may be determined on one appeal. If, however, an appeal is taken, as in this case, and it should be claimed by either the administratrix of the estate, or by the state, that the court had erred in the course of the proceeding in determining the amount of inheritance tax, a new appeal would be necessary to review and correct such error. There would thus have to be successive appeals, which might prove very detrimental to the best

interests of the estate; since where, as here, the property is found to be subject to an inheritance tax, all the costs must be paid out of the assets of the estate. Where the question of ownership is decided against the state, then, as a matter of course, no appraisement can be made until the judgment is reversed and the cause remanded for that purpose.

We make the foregoing suggestions merely as a guide to be followed in other similar cases.

We also desire to call counsel's attention to the fact that when, as in this case, additional property is discovered after the first appraisement and adjudication of the inheritance tax thereon, it is not necessary to set aside the preceding appraisement and adjudication before proceeding to a determination of the value of the newly discovered property and fixing the amount of inheritance tax thereon. The proceedings to subject the additional property to the tax are entirely independent of the prior appraisement and proceedings, and are in no way connected therewith. No doubt the first proceedings become res judicata unless appealed from, precisely as suggested by counsel; but those proceedings are not res judicata respecting the newly discovered property, all of which is quite clear if sections 1220x 23 and 1220x24 are kept in mind.

For the reasons stated the judgment appealed from must be affirmed. The cause, however, should be, and it accordingly is, remanded to the district court of Cache County, with directions to permit the state treasurer to amend the judgment and proceedings by adding the name of the administratrix in her individual or personal capacity, and to proceed to have the notes and mortgages, and all other property belonging to the estate, if any, which is involved in these proceedings, appraised according to law, and to proceed to determine and fix the inheritance tax upon the appraised value thereof as provided by the statute. The costs of this proceeding are to be paid out of the assets of the estate.

CORFMAN, THURMAN, and GIDEON, JJ., concur.

McCARTY, J., died after submission of this cause, and before the filing of the opinion.