Argued March 15; affirmed April 25, 1933

# JOBSE *v.* UNITED STATES NATIONAL BANK OF PORTLAND ET AL.

(21 P. (2d) 221)

*A. B. Ridgway* and *Harry E. Hall,* both of Portland (Ridgway, Johnson & Kendall, of Portland, on the brief) for appellants.

*Walter L. Tooze,* of Portland (Clarance Butt, of Newberg, on the brief) for respondent.

RAND, C. J.   On May 20, 1911, plaintiff's husband, now deceased, went to the Farmers Bank at Wilsonville, Oregon, and employed Mr. J. J. Thornton, its cashier, to prepare two deeds conveying two tracts of land to plaintiff, his wife, who was present at the time. Thornton prepared the deeds as directed and decedent and plaintiff then signed the deeds which were duly executed in all respects.  At the same time and while at the bank, decedent directed Thornton to prepare a letter of instructions to be attached to the deeds, setting forth the disposition he desired to be made of them. Thornton then prepared the letter and decedent signed it.  It reads as follows:

"J. W. Thornton,
Joe J. Thornton—Proprietors
        The Farmers Bank
            Wilsonville, Oregon, May 20, 1911.
The Farmers Bank,
Wilsonville, Oregon.
Gentlemen:
    Please deliver attached two deeds, one to 49.90 acres, and one to one-half interest in roadway, being what is known as the Tauchmann Place, situated at Wilsonville, Oregon, to my wife, Mary Jobse, upon my death.                (Signed) P. H. Jobse".

These instructions were then attached to the deeds and all said papers were then delivered by decedent to Thornton, as cashier of the bank, to be held by the bank in accordance with said instructions.  Decedent died on September 23, 1931, leaving a will which gave in trust to the defendant bank all his property including that in

controversy here. The will was executed on June 3, 1929, and provides that all the net income of the trust property shall be paid over to plaintiff during her natural life or until she shall remarry, and that, upon her death or remarriage, the income shall then be divided between two of decedent's nephews, defendants herein, and be paid to them in equal proportions, and gave to the trustee the power to sell the particular premises described in the deeds. The lands in controversy are in the possession of the plaintiff and have been since the death of her husband. She brought this suit to remove a cloud from the title of the lands and to compel the defendant bank, as executor and trustee under the will, to surrender up and deliver to her the two deeds which, upon the death of her husband, came into the bank's possession. Plaintiff had decree in the court below and defendants appealed.

Thornton was called as a witness by plaintiff. He testified that the only instructions given by the decedent at the time the deeds were executed and delivered to the bank were those contained in the writing and that there were no reservations attached by decedent to the delivery of the deeds; that the delivery was absolute and unconditional upon the part of the grantor; that he continued to act as cashier of the bank until January 1, 1918, when, having sold his interest in the bank, he discontinued his connection therewith, and that, up to the time he left the bank, the deeds had never been removed therefrom.

It appears, however, from the testimony of plaintiff that, after Mr. Thornton had left the employ of the bank, decedent withdrew the papers from the bank and deposited them for a while in a box at their home to which they both had access, and then, in contemplation of a trip they were about to take, decedent took the

deeds and deposited them, with other securities, in a safety deposit box in one of the Portland banks, to which both of them had access, and later he deposited them in a safety deposit box of the defendant bank, both plaintiff and decedent having access thereto. Upon decedent's death, these papers were taken into the custody of the defendant bank, as executor of decedent's will, with the identical letter attached to said deeds that decedent had had attached thereto when he first delivered them to the Farmers Bank at Wilsonville.

There is no controversy or dispute as to any material fact in this case. The only evidence offered was the testimony of Thornton, the scrivener who prepared the deeds, Mrs. Jobse, the plaintiff, and Mr. Baker, a representative of the bank, and the writings referred to. Mr. Thornton's testimony we have already referred to. Mrs. Jobse, in respect to the delivery of the deeds, testified substantially as did Mr. Thornton. Mr. Baker testified only in respect to the actions of the bank in the custody and control of the papers. The bank offered no evidence in its own behalf and relies wholly upon acts subsequently performed by decedent after his delivery of the deeds to the Farmers Bank, such as the taking of them from that bank and the placing of them in the Portland banks and the making of a will, attempting to control the disposition of the property in question after his death. All these acts, except the making of the will, are just as consistent with the theory that the decedent, in the doing of them, was acting for and on behalf of his wife, as otherwise. Decedent's attempt to control the disposition of the lands after his death by the provisions of his will cannot impair or defeat plaintiff's title if an actual delivery was in fact made at the time the deeds were placed in the Farmers Bank.

■ The legal questions involved here are so well settled in this state that it is not necessary to go beyond our own decisions to sustain them. Under all the decisions, delivery is an indispensable requisite to the validity of a deed. So long as the grantor retains the legal control of an instrument, title under it cannot pass any more than if he had not signed it. To pass the title the grantor must give up dominion and control of the deed. He must part not only with the possession of the deed but also with the right to recall it or to alter any of its provisions. *Fain v. Smith,* 14 Or. 82 (12 P. 365, 58 Am. Rep. 281); *White v. White,* 34 Or. 141 (55 P. 645, 801); *Hoffmire v. Martin,* 29 Or. 240 (45 P. 754); *Payne v. Hallgarth,* 33 Or. 430 (54 P. 164); *Dieckman v. Jaeger,* 87 Or. 392 (170 P. 727); *Norton v. Norton,* 105 Or. 651 (209 P. 1048).

■ Whether there has been a delivery is a question of fact rather than of law, depending upon the intent of the grantor to vest an estate in the grantee. *Hoffmire v. Martin,* supra. It is not necessary that the delivery be made to the grantee personally. It may be made to any one acting for. and in his behalf. Hence, it is sufficient if made to a third party or to a stranger who holds it for and is to deliver it to the grantee and this applies if delivered to a third party, where the second delivery is to be postponed until the death of the grantor. See *Hoffmire v. Martin,* supra; *Dieckman v. Jaeger,* supra; *Norton v. Norton,* supra. In such case, it is not necessary that the intent should be that the deed shall take effect at the time of the first delivery. As first said by Mr. Chief Justice Shaw in *Foster v. Mansfield,* 3 Metc. (Mass.) 412 (37 Am. Dec. 154), and quoted with approval by this court in *Hoffmire v. Martin,* supra:

"Where the future delivery is to depend upon the payment of money, or the performance of some

other condition, it will be deemed an escrow. Where it is merely to await the lapse of time, or the happening of some contingency, and not the performance of any condition, it will be deemed the grantor's deed presently. Still it will not take effect as a deed until the second delivery; but when thus delivered, it will take effect, by relation, from the first delivery''.

■ It is elementary that there can be but one delivery by the grantor of the same deed, for if the first is effectual the second cannot be of any avail. It is an invariable rule that a valid deed, if once delivered, cannot be defeated by any subsequent act unless it be by virtue of some condition contained in the deed itself. See 3 Washburn on Real Property (5th Ed.), page 303, and authorities there cited. A fortiori, if once delivered, the validity and effect of the act will not be impaired by the deed being taken and retained by the grantor, nor by the making of a will. That decedent intended to make delivery of these deeds to the Farmers Bank, when he executed the writing and delivered it together with the deeds to the bank, is clearly established by the terms of the writing itself. The writing on its face shows that the delivery was absolute and unconditional and that by such delivery decedent intended to divest himself of all power and dominion over the deeds by placing them beyond his control. That decedent signed the writing and delivered it with the deeds to the bank for plaintiff with the intent that the deeds should be delivered to plaintiff in accordance with the terms of the writing and take effect upon his death is established beyond question by the evidence.

For these reasons the decree will be affirmed.

BELT, BEAN and BAILEY, JJ., concur.