Argued and submitted January 4, appeal dismissed as to defendant Javoric; affirmed in part; otherwise reversed and remanded February 10, reconsideration denied April 8, petition for review allowed May 12, 1988 (305 Or 671)

D'ANGELO et al,
*Appellants,*

*v.*

SCHULTZ et al,
*Respondents.*

(86-CV-70; CA A43934)

749 P2d 584

Gary A. Rankin, Lake Oswego, argued the cause for appellants. With him on the brief was Eckley & Associates, P.C., Lake Oswego.

Christopher Ledwidge, Medford, argued the cause for

respondents Louis F. Schultz, Jr., Personal Representative of the Estate of Juliette Lackey, deceased, and Charles Morrison.

No appearance for respondent Leorene N. Javoric.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

This is an action for specific performance or, in the alternative, damages or imposition of a constructive trust arising out of an earnest money agreement respecting an apartment house in Grants Pass. Defendant Schultz is the seller in his representative capacity, and defendant Morrison is his real estate agent. Plaintiffs also sought relief against defendant Javoric, who purchased the property from the estate.[1]

Morrison sold the property by auction. Javoric was a successful bidder and executed an earnest money agreement with Schultz. Plaintiffs were unsuccessful bidders on the property. Javoric later told Schultz and Morrison that she could not raise the money to close the transaction and was going to have to withdraw. Timely sale of the property was important, because the mortgagee, a bank, was pressuring the estate to sell the property. Schultz and Morrison agreed that the property should be sold to plaintiffs if Javoric were to withdraw. Morrison contacted them and suggested that they "step into the shoes of Javoric." Schultz, an attorney, prepared what was intended as a "backup earnest money agreement." Morrison, however, wanted a "straight earnest money agreement," under which plaintiffs would be obligated to buy when Javoric withdrew. The earnest money agreement prepared by Schultz did not contain any express contingency relating to Javoric. Morrison contacted plaintiffs and asked them if they would be willing to purchase the property on the same terms and conditions as Javoric would have done. They expressed their willingness to do so and, when Javoric confirmed to Morrison that she did, indeed, want out of the agreement, plaintiffs signed the earnest money agreement and executed a promissory note, payable to Schultz. Morrison then delivered the agreement and the note to Schultz.

Schultz prepared a document to formalize Javoric's withdrawal from the transaction. It was signed by Javoric on July 9, which was either the same day that plaintiffs executed their earnest money agreement or four days later. Schultz signed plaintiffs' agreement, handed it to his secretary and

---

[1] Schultz and Morrison were given judgment under ORCP 67B. No judgment has been entered against Javoric, but she was named as a respondent in the notice of appeal. She has not appeared in this court. The appeal is dismissed as to her.

directed her to prepare a letter to Morrison, transmitting the agreement, the note and another document. The secretary prepared the letter, made copies of the note and the attachments and removed the seller's copy of the earnest money agreement for Schultz's file. She placed the documents on Schultz's desk, but they were never mailed. The next day, Javoric, having found the necessary financing, decided that she wanted to go ahead with the transaction. On July 11, plaintiffs went to Schultz' office and procured a photocopy of the seller's copy of the agreement, the secretary believing that the buyers' copy had been transmitted to Morrison. A few days later, the sale of the property by the estate to Javoric was closed.

Schultz and Morrison moved for summary judgment on the grounds that the executed earnest money agreement was not physically delivered to plaintiffs after Schultz signed it and was, therefore, unenforceable under the Statute of Frauds and that the actions of Schultz and Morrison were not fraudulent or reckless as a matter of law. The trial court allowed the motion and entered a final judgment dismissing plaintiffs' claims against them.

■     A summary judgment may be given only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ORCP 47C. Under that standard, we are satisfied that the trial court was correct in giving Schultz and Morrison a summary judgment on the claim based on allegations of fraudulent or reckless misrepresentations.

■     The trial court, however, erred in allowing a summary judgment with respect to the enforceability of the earnest money agreement. In the first place, defendants have cited no authority that persuades us that it was necessary that Schultz redeliver the earnest money agreement to plaintiffs after he had executed it in order for it to become effective. In the second place, even assuming that some form of redelivery was required in order to satisfy the Statute of Frauds, *see Alpha Phi of Sigma Kappa v. Kincaid,* 180 Or 568, 571, 178 P2d 156 (1947), the sufficiency of particular acts to constitute delivery is a question of fact, *Jobse v. U.S. Nat. Bank,* 142 Or 692, 696, 21 P2d 221 (1933), and is a matter of intent, not of a physical

process. *Halleck v. Halleck,* 216 Or 23, 28, 337 P2d 330 (1959). On the question of intent there was evidence on both sides, and it was not proper to resolve the issue by summary judgment.

Appeal dismissed as to defendant Javoric; affirmed as to fraudulent and reckless misrepresentations claim; otherwise reversed and remanded.