Argued and submitted June 8, the decision of the Court of Appeals affirmed and summary judgment of the circuit court as to the contract claims reversed and case remanded to circuit court for further proceedings August 30, 1988

D'ANGELO et al,
*Respondents on Review,*

*v.*

SCHULTZ,
*Petitioner on Review.*

(TC 86-CV-70; CA A43934; SC S35014)

760 P2d 866

Christopher A. Ledwidge, Medford, argued the cause for petitioner on review. With him on the petitions was Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, P.C., Medford.

Gary A. Rankin, Beaverton, argued the cause and filed a response to the petition for respondents on review.

PER CURIAM

## PER CURIAM

Plaintiffs sought specific performance of an earnest money agreement for the purchase of an apartment building in Grants Pass, or, alternatively, damages for breach of that agreement. Plaintiffs also sought tort damages for misrepresentation. Defendants Schultz and Morrison moved for summary judgment, arguing, *inter alia,* that the agreement was unenforceable because, although defendant Schultz had signed the earnest money agreement, that agreement had not been redelivered to plaintiffs. Defendants claimed that the agreement was therefore void as violating the statute of frauds. The motion for summary judgment was granted on all claims and judgment was entered for defendants. The Court of Appeals reversed the judgment as to the contract claims but affirmed the judgment for defendants on the tort claims. *D'Angelo v. Schultz,* 89 Or App 339, 749 P2d 584 (1988). The only issue before this court is whether the statute of frauds, ORS 41.580,[1] requires delivery of the writing. We hold that delivery is not required and affirm the decision of the Court of Appeals.

We allowed review only because the opinion of the Court of Appeals is ambiguous and does not provide sufficient guidance for the trial court on remand. The Court of Appeals held that delivery of the writing is not required by the statute of frauds, but also held that if delivery were required, the intent to deliver is a question of fact to be determined by the jury. The second holding was unnecessary. The statute of frauds does not require delivery. *Alpha Phi of Sigma Kappa v. Kincaid,* 180 Or 568, 570-71, 178 P2d 156 (1947).

Whether other legal requirements regarding the formation of contracts have been fulfilled and whether the statute of frauds has been satisfied are two separate issues. They

---

[1] ORS 41.580(5) provides:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *

"(5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein."

should not be merged by requiring delivery of a writing that is not necessarily an offer, an acceptance or the contract, but may be merely a memorandum. The statute requires only that a sufficient writing signed by the party to be charged be produced. Such a writing has been produced and the requirements of the statute therefore have been satisfied. There is no need for plaintiff to prove delivery of the writing to satisfy the statute of frauds.

The decision of the Court of Appeals is affirmed and the summary judgment of the circuit court as to the contract claims is reversed, and the case is remanded to the circuit court for further proceedings.