Argued and submitted May 15, affirmed July 8, reconsideration denied September 30, petition for review denied November 24, 1992 (314 Or 727)

ESTATE OF MARY M. BLETTELL,
and Herman Blettell,
*Appellants,*

*v.*

Darlene SNIDER
and Harry C. Snider,
*Respondents.*

(89 CV 60; CA A68426)

834 P2d 505

William J. Storie, Bend, argued the cause for appellants. With him on the brief was Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

Brant Medonich, Pendleton, argued the cause for respondents. With him on the brief was Kottkamp & O'Rourke, Pendleton.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs brought this action for a declaratory judgment that a deed conveying property to defendant Darlene Snider was void, because it was not delivered. They appeal a judgment for defendants. We affirm.[1]

■    Because the nature of this action is essentially an equitable proceeding to quiet title to real property, we review *de novo*. ORS 19.125(3); *see Neuschafer v. McHale*, 76 Or App 360, 709 P2d 734 (1985). Before her marriage to plaintiff Herman Blettell (Herman) in 1951, Mary Blettell (Mary) owned a residence. Defendant Darlene Snider (Darlene) is Mary's daughter by a previous marriage. In 1965, Herman and Mary moved into the residence. Herman's name was never added to the title. In 1974, Mary executed a deed to the property to Darlene as grantee, but did not deliver or record it. In 1978, Mary informed Darlene about the deed and told her that it was located in Mary and Darlene's joint safe deposit box.

In August, 1987, Mary came to live with Darlene, because she was in poor health and Herman was no longer able to take care of her because of his health problems. Herman continued to live in the residence. Approximately two weeks later, Mary told Darlene to "get the deeds, rent your own safe deposit box and put those deeds in it so nobody can get them but you."[2] Mary instructed her to record the deed after Mary died. In September, 1987, Darlene removed the deed from the joint safe deposit box and placed it in her own box. Herman was not aware of the deed until shortly before Mary's death. Mary died in 1989, and Darlene recorded the deed on the day after she died.

Plaintiffs contend that Mary's deed was not a valid *inter vivos* transfer, because it was not delivered to Darlene. Defendants argue that there was a valid delivery in 1987, when Mary instructed Darlene to place the deed in her own safe deposit box.

---

[1] The complaint also included claims to quiet title and for quasi-contract and breach of contract. Although defendants filed a cross-appeal, they abandoned it, and we do not reach any of the other issues on appeal or on cross-appeal.

[2] Mary had executed a deed to adjacent property to Darlene's brother. That property is not at issue in this case.

■■■ To effect a valid *inter vivos* transfer of real property by deed, the deed must be delivered. *Jobse v. U. S. Nat. Bank*, 142 Or 692, 696, 21 P2d 221 (1933). Whether delivery is accomplished depends on the grantor's intention. At the time of the purported delivery, the grantor must intend to convey her interest and deprive herself of control over that interest. *Halleck v. Halleck et al*, 216 Or 23, 29, 337 P2d 330 (1959). Merely parting with control over a deed is insufficient to constitute a delivery, unless it is accompanied by an intention to create a present interest in the grantee. *Hanns v. Hanns*, 246 Or 282, 296, 423 P2d 499 (1967). When an executed deed is found in the possession of a grantee, a presumption arises that the deed was delivered and the burden of overcoming the presumption is on the party contending the contrary. *Pierson v. Fisher*, 48 Or 223, 232, 85 P 621 (1906).

■■ To demonstrate that Mary did not intend to transfer a present interest in 1987, plaintiffs rely on the fact that she instructed Darlene not to record the deed until after her death. Although recording the deed would have created a presumption of delivery, failure to record it is not determinative of whether delivery occurred. *See Halleck v. Halleck et al, supra*, 216 Or at 27. Darlene testified that she did not record the deed when it was delivered to her, because she "respected her [mother's] wishes." Darlene was asked:

"Q. Did [Mary] ever discuss with you why she didn't want the deeds recorded while she was living?

"A. She just didn't want to have to fight with her husband."

Mary's sister testified that Mary had previously transferred the residence to her parents, because she did not want Herman to sell it or trade it for a ranch. Mary's parents held the property for several years until they deeded it back to Mary. Mary's hairdresser testified that Mary had expressed hatred and anger toward Herman and that she was afraid that, if he found out about the deed, he would tear it up. There is no evidence about whether Mary understood the legal effect of recording the deed, even if the deed were to be destroyed.

■■ Plaintiffs rely on the testimony of Herman's sister-in-law, who testified that Mary told her that she had deeded the house to Darlene with the stipulation that Herman could

live there until his death. However, that statement was made before 1987, when Mary told Darlene to remove the deed from the joint box and put it in Darlene's personal box. Plaintiffs also point to defendant Harry Snider's testimony. Harry, Darlene's husband, testified that he was present during a discussion between Mary and Darlene when Mary said, "The day I die, you take Darlene to get those deeds, and register them at the courthouse." He also testified that, if Mary were still alive, the deed would still be in the safe deposit box. That testimony is consistent with Mary's instructions that the deed was not to be recorded until her death, but it is not dispositive of the issue of whether she intended to convey a present interest when she instructed Darlene to remove the deed from the joint box and deposit it in her own box.

Weighing the evidence in the light of the presumption that delivery occurred when Darlene was given exclusive possession of the deed before Mary's death, we are not persuaded that plaintiffs have overcome the presumption. The trial court did not err.

Affirmed.